Yancy *vs.* Harris.

---

No. 96.—JACOB YANCY, plaintiff in error, *vs.* EZEKIEL HARRIS, defendant in error.

[1.] Upon a return to a writ of *habeas corpus*, it appeared that the petitioner' had been brought before the Inferior Court as a *free person of color*, upon a charge of having violated the Registry Laws, and upon a plea of guilty, was sentenced to pay a fine of one hundred dollars, and in default of payment to be hired out until paid, and that the respondent had hired him in pursuance of the judgment of the Court: *Held*, that he was detained according to law, in pursuance of a judgment of a Court of competent jurisdiction, and that this Court could not enter into the question whether he was or was not a free white person.

*Habeas Corpus*, from Forsyth County. Decision by Judge JOHN H. LUMPKIN.

This was a writ or *habeas corpus* sued out by Jacob Yancy, alleging that he was illegally confined by Ezekiel Harris, the defendant. In his answer, defendant returned that the plaintiff had been brought before the Inferior Court of Forsyth County, as a free person of color, charged with violating the laws of the State on the subject of registration of such persons; that plaintiff has pleaded guilty to that charge, and had been sentenced to pay a fine of one hundred dollars, and in default thereof had been

Yancy *vs.* Harris.

hired, by order of the Court, to defendant, by virtue of which he held plaintiff in custody.

On the hearing of the *habeas corpus*, it was admitted that plaintiff was of dark complexion; that he was the son of a white woman, and that after he was fourteen years of age, but before he was twenty-one, he had applied to the Inferior Court of said County to have a guardian appointed for him, as a free person of color, and had applied to the Clerk to be registered as such.

Plaintiff contended that, as the child of a white woman, he was presumed to be a white person until found otherwise by two Juries, as provided by law. The facts stated in defendant's answer were not denied.

The Court refused the application, and remanded plaintiff into the custody of defendant; to which decision plaintiff excepted.

No one appearing for the defendant in error, the plaintiff was allowed to proceed, *ex parte.*

W. H. Underwood, for plaintiff in error.

*By the Court.*—Nisbet, J. delivering the opinion.

[1.] The return to the writ of *habeas corpus* shows that Jacob Yancy had been brought before the Inferior Court as a free person of color, upon a charge of having violated the Registry Laws, and upon a plea of guilty, was sentenced to pay a fine of one hundred dollars, and being unable to pay, was, in pursuance of the Statute, hired to the respondent.

Upon the hearing, it was conceded by agreement of parties, that he was a dark colored person, and the son of a free white woman, &c. Upon these facts, his counsel assumed that, being the son of a free woman, he followed the condition of his mother as to civil rights, and was from that fact to be held and taken as a citizen, until the contrary was made to appear by two concurring verdicts of a Jury, as provided by our Statute Law. The Court overruled this position of counsel, and remanded Jacob Yancy to the custody of the respondent. We do not find

Yancy *vs.* Harris.

ourselves at liberty to enter upon this question. The return to, the writ shows that his detention is legal. The Inferior Court had jurisdiction of the person and subject matter, and adjudged him a free person of color, and farther adjudged him guilty of a violation of the Registry Laws, and his detention is the penalty inflicted by the Court for that violation, and which is prescribed by law. *Prince,* 796, '97, 810.

In the trial of the cause, it does not appear to us that the Inferior Court either exceeded their jurisdiction or acted without jurisdiction. Their judgment is a valid, subsisting judgment— if irregular in any particular, it can be set aside, and until that is done, we have no power to discharge the petitioner. The question made by his counsel might have been made before the Inferior Court, and might have been thence brought, by the usual course, before this Court, but it was not made.

Let the judgment be affirmed.