Lark *vs.* The State of Georgia.

---

HENRY LARK, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. *Habeas corpus* and writ of error thereon, having been brought to free a party from imprisonment under a sentence alleged to be illegal, the writ of error will not be dismissed, when reached for argument in the supreme court, on the ground that the period of time covered by the sentence has then expired. There is no presumption that an illegal imprisonment has terminated, or that it will terminate, in a voluntary discharge.

2. A sentence by the county judge of Richmond county, "to work in the chain-gang on the streets of Augusta for twelve months," is not one of which the convict (sentenced for simple larceny) can complain by petition for *habeas corpus*. The streets of a city are public works, within the meaning of section 4705 of the Code, and it is no deprivation of any right of personal liberty, not to be constrained to labor on all of the public works, instead of a part only. The better and more regular practice, however, is to make the sentence as broad as the terms of the statute, and let it comprehend the public works generally.

3. By section 4814 of the Code, as amended by the act of 1874, convicts may be hired out, as well to municipal corporations within the county, as to other hirers; and it is no concern of a convict what are the terms of the contract, or whether the county is compensated or not.

*Habeas corpus.* Practice in the Supreme Court. Criminal law. Sentence. Presumption. Before Judge GIBSON. Richmond county. At Chambers. March 25th, 1875.

Reported in the opinion.

SALEM DUTCHER, for plaintiff in error.

WALTER H. LEVY, county solicitor, for the state.

BLECKLEY, Judge.

The relator, plaintiff in error, was sentenced for simple larceny by the county court of Richmond, in July, 1874. The terms of the sentence were " to work in the chain-gang on the streets of Augusta, for twelve months." He sued out a writ of *habeas corpus* in April, 1875, on the ground that his detention was under this sentence, and that the same was illegal. The return to the writ set up the sentence as legal warrant and authority. The judge below refused a discharge, and on that refusal a writ of error was prosecuted to this court, and filed here in May, 1875.

1. On the call of the case for argument, in the present month of November, the defendant in error moved to dismiss it, because the sentence had expired by its own limitation. The motion was overruled. It did not appear from the record, or otherwise, that the imprisonment had ceased. It could not be presumed to have ceased, without deciding on the question made by the writ of error, namely, the legality of the sentence. An illegal imprisonment is not to be supposed to terminate in a voluntary discharge. It is the duty of judicial tribunals, when administering the remedy of *habeas corpus*, to see that it is made effectual by proper legal instrumentality, and to take nothing for granted. Those who imprison another by virtue of an illegal judgment might not scruple to protract the imprisonment indefinitely. Besides, even if the relator were now at liberty, and if this fact appeared to the court by proper evidence, there might be reason for proceeding with this writ of error to settle, by a final judgment, the legal relation between him and those who detained him, at the time the writ of *habeas corpus* issued. Future proceedings might depend upon such a judgment. But this is a mere suggestion ; we place the refusal to dismiss the writ of error upon the ground that to presume the impris-

Lark *vs*. The State of Georgia.

onment to be at an end because the sentence has expired, would be to take for granted the validity of the sentence, which is the very matter in question.

2. We, however, think the sentence legal. It is not, as it should have been, in broad terms, to work in a chain-gang on the public works, (Code, section 4705;) but the streets of Augusta are, in a certain sense, public works, and we think they are substantially within the scope and meaning of the section of the Code which prescribes the chain-gang penalty. The county of Richmond includes the city of Augusta. The court that passed this sentence sat within the city. It has jurisdiction over misdemeanors committed therein, and for many purposes, over the inhabitants generally. Its process runs there, and, we think, there its sentences may be executed, even sentences to labor on the public works. The streets of the city being part and parcel of the public works, the sentence is within the law, though more narrow than the law would have sanctioned. It extends to a part instead of the whole. But is it, on that account, injurious to the relator's liberty? Suppose he was subject to be confined, alternately, in several jails, would it be a violation of his liberty to sentence him to one only? Is he to be discharged from the work appointed because more is not assigned for him to do? Had he been sentenced to work three hours in each day, would he be turned loose because he was not sentenced to work all day? The sentence is undoubtedly irregular, but it is not such an irregularity as is hurtful to any right of liberty. The relator acquiesced in it when pronounced, and took no steps, we may presume, to reverse or correct it. If he wanted a wider sentence, then was the time to ask for it. It seems to us that he stands concluded inasmuch as the defect is not one that makes the sentence void.

3. The record before us indicates an arrangement between the county judge and the city council under which some of the convicts work on the streets of Augusta, without other compensation to the county than the payment of costs. As amended by the act of 1874, the 4814th section of the Code

confers power on the county judge to hire out convicts, and we see no reason why the city may not hire them for working on the streets the same as other hirers for other purposes. And it is hardly possible that a convict can have the judge's contracts revised by *habeas corpus.* It is the convict's business to labor in the custody to which he is lawfully consigned, without concern for the terms of compensation to the county for his services. The responsibility for that matter is on other shoulders.

Judgment affirmed.