## McFARLAND v. DONALDSON, superintendent.

1. It is too late after trial and conviction, upon an accusation in a criminal court having jurisdiction of the offense, to raise, by an application for habeas corpus, questions of procedure or practice, which should have been made before or during the trial, and the rulings on which are properly reviewable by certiorari only.

2. Even if the act of November 27, 1895 (Acts 1895, p. 63), in part codified in the Penal Code, § 1039, was at the time of its enactment unconstitutional, because violative of the provisions of the constitution set forth in the Civil Code, §§ 5771, 5779, if otherwise constitutional, the fact of its codification and the adoption of the Code by the act of December 16, 1895 (Acts 1895, p. 98), had the effect of making that section valid and constitutional law.

3. The criminal court of Atlanta has no power to grant a new trial, and a motion made therein for a new trial is a mere nullity.

4. All questions presented by the bill of exceptions, which are not covered by what is ruled above, are fully disposed of in the decision and opinion of this court in *Welborne* v. *Donaldson*, this day decided.

Argued May 19, — Decided June 3, 1902.

Habeas corpus. Before Judge Lumpkin. Fulton superior court. April 15, 1902.

*Robert L. Rodgers*, for plaintiff in error.
*Eugene R. Black, solicitor,* contra.

FISH, J.　Japheth McFarland was convicted of forcible detainer, in the criminal court of Atlanta, and sentenced by the judge of that court to labor upon the public works of Fulton county. While in the chain-gang of that county, he sued out a writ of habeas corpus against Donaldson, superintendent of such chain-gang. Upon hearing of the habeas corpus, the petitioner was remanded to custody, and he excepted.　The petition for habeas corpus alleged, among other reasons why petitioner's imprisonment was illegal, that the accusation upon which he was tried and convicted was based upon an affidavit made before a commercial notary public, who was special bailiff of the court in which petitioner was convicted, and who had no authority to administer oaths; that petitioner was not tried by a panel of twelve jurors, but by one composed of only five jurors; that there was no indictment against him; that there had been no preliminary investigation of the charge against him; and that upon the trial the court illegally admitted evidence as to title to the land which petitioner was charged to have forcibly detained.

1. Even if these questions as to procedure and practice were

meritorious, the judgment was not void; they should have been presented before or during the trial, and petitioner could have had any rulings thereon adverse to him reviewed by certiorari. The writ of habeas corpus does not operate as a writ of certiorari, and after trial and conviction petitioner can not complain, in a petition for habeas corpus, of matters to which he should have excepted on the trial. In *Badkins* v. *Robinson*, 53 *Ga*. 613, it was held that the question whether one prosecuted for the violation of a city ordinance comes within an exception thereto is matter of proof on the trial, and can not be inquired into on the hearing of a writ of habeas corpus, after his conviction for violating the ordinance. In *Lark* v. *State*, 55 *Ga*. 435, Judge Bleckley said: "The sentence is undoubtedly irregular, but it is not such an irregularity as is hurtful to any right of liberty. The relator acquiesced in it when pronounced, and took no steps, we may presume, to reverse or correct it. If he wanted a wider sentence, then was the time to ask for it. It seems to us that he stands concluded, inasmuch as the defect is not one that makes the sentence void." The American & English Encyclopædia of Law (2d ed. vol. 15, p. 172) says: "The authorities are uniform and very numerous in holding that the writ of habeas corpus can not be made to perform the functions of a writ of error or an appeal, and that a person in custody under a judgment or order of a court of competent jurisdiction, whether it be a superior or inferior court, in either a criminal or a civil proceeding, can not obtain his discharge on habeas corpus on account of mere errors or irregularities, however gross, in the judgment or in the proceedings on which the judgment was founded, or in the process under which he is held; but that this is the appropriate remedy only where the court was without jurisdiction in the premises, or where it exceeded its jurisdiction in making the order or rendering the judgment by virtue of which the party is imprisoned, so that the judgment is not merely erroneous, but is absolutely void." See same authority, pages 175 and 176. The criminal court of Atlanta is a good statutory court, and was not without jurisdiction in the premises. See *Welborne* v. *State*, 114 *Ga*. 793, and *Welborne* v. *Donaldson*, this day decided, ante, 563.

2. The petition further alleged that the court had no authority to sentence petitioner to work in the chain-gang on the public works, as punishment for the commission of the offense of forcible

detainer, because section 4526 of the Code of 1882 makes the only punishment for this offense fine or imprisonment in the common jail, and that the act of November 27, 1895 (Acts 1895, p. 63), prescribing penalties for all felonies, with certain exceptions, and for misdemeanors, which act made forcible detainer punishable as prescribed in section 4310 of the Code of 1882, is unconstitutional, as being in violation of the following provisions of the constitution of the State: (1) "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof." (2) "No law or section of the code shall be amended or repealed by mere reference to its title, or to the number of the section of the code, but the amending or repealing act shall distinctly describe the law to be amended or repealed, as well as the alteration to be made." The act of November 27, 1895, in so far as it provided for the punishment of misdemeanors, was codified in the Penal Code, § 1039, which declares: "Every crime declared to be a misdemeanor is punishable by a fine not to exceed one thousand dollars, imprisonment not to exceed six months, to work in the chain-gang on the public works, or on such other works as the county authorities may employ the chain-gang, not to exceed twelve months, and any one or more of these punishments may be ordered in the discretion of the judge." It follows that, even if the act had been unconstitutional for the reasons assigned in the petition for habeas corpus, but otherwise constitutional, the fact that it was codified and that the code was adopted by the act of December 16, 1895 (Acts 1895, p. 98), had the effect of making that section valid and constitutional law. *Central of Georgia Ry. Co.* v. *State*, 104 *Ga.* 831.

3. Another reason alleged in the petition why the imprisonment of the petitioner was illegal was, that he had made a motion for a new trial, which had never been heard and determined. There was obviously no merit in this point, as the criminal court of Atlanta has no power to grant new trials (*Monford* v. *State*, 114 *Ga.* 528; *Welborne* v. *State*, Id. 792); and therefore the motion made by petitioner was a mere nullity, and no obstacle to his undergoing the punishment which the court had imposed upon him.

4. The constitutionality of the act of September 6, 1891, establishing the criminal court of Atlanta, was attacked in the petition, on the grounds, that it provided for a trial jury composed of only

five jurors, and " because it is in violation of the constitution in paragraph 1 of section 9 of article 6, providing for uniformity of courts." These questions are fully disposed of, adversely to plaintiff in error, in the decision and opinion of this court in *Welborne* v. *Donaldson*, this day decided.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*