*W. C. Martin* and *F. K. McCutchen,* contra.

---

HARRELL *v.* AVERA, sheriff.

HILL, J. 1. The writ of habeas corpus can not be substituted for a motion for a new trial, writ of error, or other similar remedial procedure, or be used as a remedy for the review of alleged errors in the trial court. Only in cases where the judgment of conviction is void can it be attacked by habeas corpus. If the defendant has had his day in court, the judgment of conviction is not void for the reason that the evidence may show the defendant guilty of some crime other than that for which

he was convicted and sentenced. *Davis* v. *Smith*, 7 *Ga. App.* 192 (66 S. E. 401). And see *Yeates* v. *Roberson*, 4 *Ga. App.* 573 (62 S. E. 104); *McFarland* v. *Donaldson*, 115 *Ga.* 567 (41 S. E. 1000); *Yancy* v. *Harris*, 9 *Ga.* 535.

2. The defendant was indicted for a "felony," and the evidence tended to show incestuous adultery and fornication with his own daughter. On the trial of the case it was agreed between the State and counsel for the defendant, after a plea of not guilty was signed by the defendant, that the defendant was the father of the female alleged to have been injured, that the defendant was a married man, and that the girl was not married and was seven years old. There was evidence tending to show sexual intercourse between the father and the child. On conviction by the jury, the court sentenced the defendant to three years in the penitentiary. While in the custody of the sheriff, confined in jail awaiting transportation to the penitentiary, the defendant filed his application for a writ of habeas corpus against the sheriff, on the ground that the conviction under the evidence was void. It is insisted that the child was only seven years old, and could not consent to the act of adultery and fornication, and that if guilty of any offense the defendant is guilty of rape and not incestuous adultery, and the proceedings were therefore void. *Held*, that the trial judge did not err in denying the writ of habeas corpus and refusing to discharge the defendant from the custody of the sheriff.

> *Judgment affirmed. All the Justices concur.*
> January 23, 1913.

Habeas corpus. Before Judge Thomas. Berrien superior court. November 12, 1912.

*Hendricks & Christian,* for plaintiff.

*J. A. Wilkes, solicitor-general,* for defendant.