HICKS, chief of police, *v.* HAMRICK.

BECK, J. A petition for the writ of habeas corpus alleged in substance as follows: The petitioner was illegally restrained of her liberty by the chief of police in the City of Cartersville, being held in jail. The pretense for the restraint was by virtue of a sentence imposed by the mayor of the city under the charge of disorderly conduct, which consisted in an alleged assault and battery upon a person named, occurring in the pri-

vate room of petitioner in her home in the city, no one being present at the time except petitioner and the person named, and no one being disturbed thereby except those two. The detention is illegal, for the reason that the City of Cartersville has no jurisdiction to try and punish the petitioner for the offense, it being one, if an offense at all, against the State. The answer stated that the respondent was restraining the petitioner by reason of the fact that she was tried before the mayor of Cartersville upon a charge of disorderly conduct, and found guilty and sentenced to pay a fine, or, in default thereof, to be confined in the common jail; that she did not pay the fine, and was accordingly restrained in pursuance of the sentence. Upon the petition and answer, without the introduction of evidence, the presiding judge held that the mayor was without authority to punish for the offense committed, and discharged the petitioner upon giving bond for appearance before the city court. *Held*, that this was error. It not being denied that the mayor had jurisdiction to try persons charged with the offense of disorderly conduct in the city, and the answer showing that the petitioner had been so charged and found guilty, if the judgment of conviction was erroneous, it might be corrected by certiorari; but error in a judgment on the ground that a conviction was not warranted under the evidence does not furnish a reason for discharging the person convicted, upon a writ of habeas corpus. *Peebles* v. *Mangum*, 142 *Ga.* 699 (83 S. E. 522).

(a) While the petition alleged that the disorderly conduct consisted in an alleged assault and battery, which would be, a State offense, it does not appear that the charge before the mayor was assault and battery, and it is alleged in the answer that petitioner was charged with disorderly conduct within the city and found guilty of that offense. *Harrell* v. *Avera*, 139 *Ga.* 340 (77 S. E. 160).

*Judgment reversed. All the Justices concur.*
DECEMBER 17, 1915.

Habeas corpus.    Before Judge Fite.    Bartow superior court. April 30, 1915.

*Finley & Henson,* for plaintiff in error.
*William T. Townsend,* contra.