## STRICKLAND v. THOMPSON, warden.

1. Habeas corpus is not a substitute for a writ of error or other remedial procedure.
2. A sentence in a criminal case is evidence of its own legality.
3. Whether an act charged is or is not a crime by the law which the court administers is a question within its jurisdiction and for its decision, and hence not determinable on habeas corpus.
4. Where the court has jurisdiction of the offense and the offender, the sufficiency of the accusation, or of the acts therein set forth to constitute a crime, can not be considered on habeas corpus.

No. 3322.    FEBRUARY 16, 1923.

Petition for habeas corpus. Before Judge Worrill. Early superior court. June 30, 1922.

This was a habeas-corpus proceeding brought by Joe Strickland against the county warden to secure his discharge from service at hard labor on the chain-gang of Early County. Strickland was arraigned in the city court of Blakely, upon an accusation which charged and accused him of having committed "the offense of a misdemeanor; for that the said Joe Strickland, on the 28th day of May in the year, 1922, in the county aforesaid, did then and there, unlawfully with force and arms, fraudulently and with the intent to deceive and defraud, represent to Dr. L. A. Rhyne that Virgil Jerkins was sick and seriously ill at his home nine or ten miles west of Blakely, Georgia, and that the said Virgil Jerkins had sent him, the said Joe Strickland, to secure the professional services of the said Dr. L. A. Rhyne to come immediately to the home of the said Virgil Jerkins, where the said Virgil Jerkins then and there had the sum of $10.00 with which to pay the said Dr. L. A. Rhyne for said professional trip to minister to the said Virgil Jerkins, and that the said Joe Strickland would accompany the said Dr. L. A. Rhyne to the home of the said Virgil Jerkins, in order to direct the said Dr. L. A. Rhyne to the home of the said Virgil Jerkins; said aforementioned fraudulent statements were made at the office of the said L. A. Rhyne in Blakely, Georgia, by the said Joe Strickland, to enable the said Joe Strickland to secure a ride on the automobile of said Dr. L. A. Rhyne to some point in or near Hilton, Georgia; and said representations were not true; but the said Dr. L. A. Rhyne, relying on the truthfulness of said representations, carried the said Joe Strickland in his car along

such roads as directed by the said Joe Strickland, a distance of nine or ten miles west of Blakely, to the loss and damage of the said Dr. L. A. Rhyne the value of an automobile trip and for a professional trip in the sum of $10.00; all of the aforementioned representations being made by the said Joe Strickland to get Dr. L. A. Rhyne to go to see Virgil Jerkins having been false, and the said Joe Strickland knew they were false at the time they were made, and made to secure a ride as aforesaid." On arraignment Strickland pleaded guilty to the accusation, and was thereupon sentenced by the judge of the city court to serve at hard labor in the chain-gang on the public works of said county for the period of six months.

In his petition for habeas corpus, Strickland alleges that his confinement in the chain-gang under said sentence is illegal, because said accusation to which he pleaded guilty is void because " it sets out no offense under the laws of this State, and he committed no offense under the allegations of said accusation." The judge of the Pataula circuit, to whom said petition for habeas corpus was presented, held that the accusation set out a crime under the provisions of section 719 of the Penal Code, of this State, and that the accusation was regular on its face and the sentence of the court under which petitioner was confined in the chain-gang was legal; for which reason he refused to grant the writ prayed for. Error is assigned upon this judgment.

*W. I. Geer,* for plaintiff.

Hines, J. (After stating the foregoing facts.) Under the view which we take of this case, it is unnecessary for this court to determine whether the accusation to which the petitioner pleaded guilty, and on which plea he was sentenced, was sufficient, or that the acts therein set forth constituted a crime. Habeas corpus is not a substitute for a writ of error or other remedial procedure. *Harrell* v. *Avera,* 139 *Ga.* 340 (77 S. E. 160) ; *Blackstone* v. *Nelson,* 151 *Ga.* 706 (108 S. E. 114) ; *Wells* v. *Pridgen,* 154 *Ga.* 397 (114 S. E. 355). A sentence in a criminal case is evidence of its own legality. *Wells* v. *Pridgen,* supra. Whether an act charged is or is not a crime by the law which the court is administering is a question within its jurisdiction, and hence not determinable on habeas corpus. Ex parte Watkins, 3 Pet. (U. S.) 193 (7 L. ed. 650) ; Ex parte Parks, 93 U. S. 18 (23

L. ed. 787). As the city court of Blakely had jurisdiction to hear and try this accusation and to render judgment upon the defendant's plea of guilty to the charge therein set forth, the sufficiency of the accusation, or of the acts therein set forth to constitute a crime, can not be considered on habeas corpus. Collins v. Morgan, 243 Fed. 495 (156 C. C. A. 193). In re Gregory, 219 U. S. 210, 213 (31 Sup. Ct. 143, 55 L. ed. 184). Speaking for himself alone, the writer regrets that he can not relieve this boy from the harsh sentence imposed upon him, under the facts set forth in the accusation.

*Judgment affirmed. All the Justices concur.*