KIRKLAND *v.* LOWRY, sheriff.

241

No. 8821. JULY 14, 1932. REHEARING DENIED AUGUST 15, 1932.

*Eldon Haldane* and *W. S. Bateman,* for plaintiff.

*Levi O'Steen, James T. Wright, John A. Boykin, John S. Mc-Clelland,* and *J. W. LeCraw,* for defendant.

BELL, J.   Dick Kirkland filed a petition for mandamus against J. I. Lowry, sheriff of Fulton County. The court sustained a general demurrer and dismissed the petition, and the plaintiff excepted. The petition contained the following allegations: On September 17, 1931, J. B. Kirkland pleaded guilty in the criminal court of Atlanta of the offense of possessing intoxicating liquor. The court thereupon imposed upon the accused a fine of $50, and sentenced him to serve for the period of six months upon the public works of Fulton County, but suspended the sentence as to servitude in the discretion of the court; the sentence as signed by the presiding judge being as follows: "Whereupon it is considered by the court that the defendant pay a fine of $50, including cost of this prosecution, and that the said defendant be put to work on the public works of the County of Fulton, or otherwise, as the commissioners of said county may direct, for the space of six months, to be computed from the date of his delivery; the above sentence suspended on payment of fine at discretion of the court." That portion of the sentence which attempted to suspend the six months' service on the public works of the county was illegal and void, in that the court had no right in law to suspend the sentence and such attempted suspension was therefore ineffective. It is the duty of the sheriff of Fulton County to carry out the sentence of the court by confining the accused, J. B. Kirkland, and putting him to work on the public works of Fulton County as provided therein. The sheriff has failed and refused to perform his duty in this regard; and although the sentence was passed on September 17, 1931, the accused has not served a single day of his sentence. The plaintiff and other citizens of the State are without other specific remedy to compel the sheriff to fulfill his duty by executing the sentence of the criminal court of Atlanta, and are compelled to resort to a peti-

tion for mandamus in order that the defendant sheriff may be required to perform his legal duty. The petition contained appropriate prayers, and was sanctioned and ordered filed on December 10, 1931.

The petition did not show sufficient ground for the issuance of the writ of mandamus, and for this reason the court properly sustained the general demurrer and dismissed the petition. It is contended on behalf of the defendant that the plaintiff had a sufficient legal remedy without resorting to a petition for the writ of mandamus, and the case of *Porter* v. *Garmony,* 148 *Ga.* 261 (96 S. E. 426), is cited in support of this contention. In that case the accused failed to appear in accordance with a bond previously given by him, and it was held by this court that he might be rearrested upon an order of the court or upon a bench warrant properly issued. In the present case the accused did not fail to appear or otherwise breach a recognizance, but presumptively was in open court at the time the sentence was imposed upon him. The facts are therefore somewhat different from those involved in the *Garmony* case. It may or may not be that the plaintiff here could have procured a warrant or order in the nature of a mittimus directing the sheriff to arrest the prisoner and cause him to enter upon the service of his sentence. See, in this connection, *Roberts* v. *Gordon,* 86 *Ga.* 386 (12 S. E. 648); *Wyatt* v. *Baker,* 41 *Ga. App.* 750, 753 (154 S. E. 816); 16 C. J. 1327 et seq. Being of the opinion that the petition was fatally defective for another reason, we will make no decision as to whether the plaintiff had some other legal remedy, as was held to be true in the *Garmony* case.

"Mandamus will not be granted when it is manifest that the writ would, for any cause, be nugatory or fruitless." Civil Code (1910), § 5443. In *Stacy* v. *Hammond,* 96 *Ga.* 125 (23 S. E. 77), this court held: "Where at the time an application for mandamus was heard by the judge of the superior court the time had passed within which the official duty, the performance of which was sought to be compelled, could be performed, the court properly denied a mandamus." In *McGill* v. *Osborne,* 131 *Ga.* 541, 544 (62 S. E. 811), it was said that the writ of mandamus will not generally be allowed unless the act commanded to be done is legally possible before the writ issues. If the act sought to be coerced by mandamus has become impossible of performance, it is

immaterial that the defendant's own misconduct may have rendered its performance impossible. 38 C. J. 555. In 13 Enc. Pl. & Pr. 680, it is said that the relator must show that it is the respondent's duty, and that he has the power, to perform the act sought to be enforced. The relator must allege the facts from which the legal liability results, and a pleading is bad in substance if the duty does not in all cases result from the facts stated in it. See also, in this connection, 38 C. J. 869-872.

For the purposes of this case we may concede that the court had no power to suspend the sentence as respects the service upon the public works as imposed thereby, and that the sheriff therefore should have ignored this portion of the sentence and should have caused the accused to be put upon the chain-gang or other public works of the county, in accordance with that portion of the sentence relating to such servitude. *Hancock* v. *Rogers,* 140 *Ga.* 688 (2) (79 S. E. 558); *Conley* v. *Pope,* 161 *Ga.* 462 (4) (131 S. E. 168). The petition, however, fails to show that it is yet possible for the sheriff to arrest the accused and to require him to execute the sentence in accordance with its terms. The sentence was imposed on September 17, 1931, and the petition for the writ of mandamus was not presented to the presiding judge until December 10, 1931. In other words, a period of nearly three months had elapsed before the plaintiff took action, and the whereabouts of the accused were then wholly unaccounted for. The petition was absolutely silent as to the residence, place of business, or occupation of the accused, and there is nothing to indicate that he is still accessible, or where he may be found. For aught that appears, he may have gone beyond the limits of this State, or for other reasons it might be impossible for the sheriff to apprehend and arrest him. It is not made to appear that the respondent has the power to perform the act sought to be enforced, and therefore the allegations of fact were insufficient to justify the application. The court properly sustained the general demurrer and dismissed the petition. The present case is distinguished from *Board of Commissioners of Manchester* v. *Montgomery,* 170 *Ga.* 361 (2) (153 S. E. 34).

*Judgment affirmed. All the Justices concur.*