KINMAN *v.* CLARK, warden.

No. 12076.  JANUARY 11, 1938.

*M. G. Hicks,* for plaintiff.
*John A. Boykin, solicitor-general, John S. McClelland, solicitor,* and *J. W. LeCraw,* for defendant.

HUTCHESON, Justice.    S. W. Kinman, by his attorney, made application to the superior court of Fulton county for the writ of habeas corpus, alleging that he is illegally detained in the Bellwood prison camp of said county; that he is advised and believes that the pretended cause of his detention is a judgment and sentence of the judge of the criminal court of said county, dated May 11, 1937, and based on an accusation 148302, in which petitioner is charged with the offense of simple larceny; that he is illegally detained, for the following reasons: that he was brought before the court for trial on said accusation on May 11, 1937, that he was not permitted to plead to said charges, that he did not sign a waiver of any right he had under the law of Georgia, in that he did not waive a copy of said accusation or a list of witnesses who appeared against him, and that he was not given benefit of counsel, "all of which appears on the face of the original accusation" attached to and forming a part of the petition.    The following appeared on the accusation: "The defendant in the within accusation waives arraignment, list of witnesses, copy of accusation, and pleads guilty.    This 11 day of May, 1937.    John S. McClelland, Solicitor," also the sentence of the court, "Whereupon it is considered by the court  .  .  that the defendant be put to work and labor on the public works of the County of Fulton, or otherwise, as the commissioners of said county may direct, for the space of twelve (12) months," etc., signed by the court and the solicitor on the same day as the plea of guilty.    The affidavit to the petition states that the affiant attorney "on oath says, that, in so far as it appears on the face of the original accusation as set out in the above petition, said facts are true, and that upon information obtained from other sources he believes all the recitals of fact contained therein to be true."    On the hearing the court sustained a motion to quash the writ, and remanded the applicant to the custody of the warden.    To this ruling the applicant excepted.    In his bill of exceptions he states "that at the time of said hearing he was prepared to offer evidence to support the allegations contained in his petition for writ of habeas corpus."

1.    "A writ of habeas corpus is not to be used as a substitute for appeal, writ of error, or other remedial procedure.    *McFarland* v. *Donaldson*, 115 *Ga.* 567 (41 S. E. 1000) ; *Harrell* v. *Avera*, 139 *Ga.* 340 (77 S. E. 160) ; *Blackstone* v. *Nelson*, 151 *Ga.* 706 (108

S. E. 114); *Wells* v. *Pridgen,* 154 *Ga.* 397 (114 S. E. 355); *Strickland* v. *Thompson,* 155 *Ga.* 125 (116 S. E. 593); *Fleming* v. *Lowry,* 173 *Ga.* 894 (162 S. E. 144); *Etheridge* v. *Poston,* 176 *Ga.* 388 (5) (168 S. E. 25); in re Swan, 150 U. S. 637 (14 Sup. Ct. 225, 37 L. ed. 1207); Anderson *v.* Treat, 172 U. S. 24 (19 Sup. Ct. 67, 43 L. ed. 351)." *Shiflett* v. *Dobson,* 180 *Ga.* 23 (177 S. E. 681); *Smith* v. *Milton,* 149 *Ga.* 28 (98 S. E. 607). It is the appropriate remedy only when the court is without jurisdiction in making the order, rendering the judgment, or passing sentence by virtue of which the party is imprisoned, so that such order, judgment or sentence is not merely erroneous, but is absolutely void. *McFarland* v. *Donaldson; Wells* v. *Pridgen; Fleming* v. *Lowry;* supra.

2. The general rule is that a judgment of a court having jurisdiction of the offense and the party charged with its commission is not open to collateral attack. Code, § 110-701; *Anderson* v. *Treat; Wells* v. *Pridgen; Shiflett* v. *Dodson,* supra.

3. Where there is an entry on the accusation, of waiver of arraignment and plea of guilty, signed by the solicitor, such record entry furnishes prima facie evidence of a plea of guilty by the defendant (*Tarver* v. *State,* 95 *Ga.* 222, 21 S. E. 381; *Jackson* v. *Lowry,* 171 *Ga.* 349 (2), 155 S. E. 406), and a judgment or sentence of the court entered thereon is upon its face a valid and binding one.

4. "Where an application for the writ of habeas corpus affirmatively shows on its face that the restraint complained of is legal, the court before whom the writ is made returnable has the power, on general demurrer, to dismiss the writ and remand the applicant. In such instance the general demurrer, under our practice, serves the purpose of a motion to quash the writ for insufficiency of allegation in the petition." *Smith* v. *Milton,* supra; *Coleman* v. *Grimes,* 154 *Ga.* 852 (115 S. E. 641).

5. Upon application of the above-stated principles to the allegations of the petition in the instant case, as construed in the light of the accusation attached thereto and the verification thereof, we are of the opinion that the court did not err in sustaining the motion to quash and in remanding the applicant to the custody of the warden.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*