## WALLACE v. FOSTER, Sheriff.

HEAD, Justice. 1. "A writ of habeas corpus can not be used as a substitute for appeal, writ of error, or other remedial procedure for the correction of errors or irregularities alleged to have been committed by a trial court." *Shiflett* v. *Dobson*, 180 *Ga.* 23 (177 S. E. 681); *Harrell* v. *Avera*, 139 *Ga.* 340 (77 S. E. 160); *Owen* v. *White*, 182 *Ga.* 67 (185 S. E. 97); *Kinman* v. *Clark*, 185 *Ga.* 328 (195 S. E. 166); *McKay* v. *Balkcom*, 203 *Ga.* 790 (48 S. E. 2d, 453).

(a) The attacks made in this case by the defendant upon his conviction are not based upon any rulings or orders of the trial court wherein the defendant was convicted. A defendant may not assert his defense by piecemeal, nor will he be permitted to rest his chances for a new trial upon some of the errors alleged to have been committed upon the trial of his case, and thereafter, upon the denial of his motion for new trial, substitute the writ of habeas corpus to review alleged assignments of error which might have been included in the former motion for new trial, had such assignments been properly predicated upon some adverse ruling by the trial court.

2. The writ of habeas corpus "is the appropriate remedy only when the court was without jurisdiction in the premises, or where it exceeded its jurisdiction in making the order, rendering the judgment, or passing the sentence by virtue of which the party is imprisoned, so that such order, judgment, or sentence is not merely erroneous, but is absolutely void." *Wells* v. *Pridgen*, 154 *Ga.* 397, 399 (114 S. E. 355); *Henson* v. *Scoggins*, 203 *Ga.* 540 (47 S. E. 2d, 643); *McKay* v. *Balkcom*, supra.

(a) Neither the petition for a writ of habeas corpus, nor the evidence of the defendant in support of the writ, shows that the original conviction of the defendant is void for any reason, and the trial court did not err in remanding the custody of the defendant to the sheriff.

*Judgment affirmed. All the Justices concur.*

No. 16924. FEBRUARY 13, 1950. REHEARING DENIED MARCH 15, 1950.

*Charles A. Wofford, G. A. Huddleston,* and *Harris, Henson, Spence & Gower,* for plaintiff.

*Eugene Cook, Attorney-General, Wright Lipford, Solicitor-General, J. R. Parham, Assistant Attorney-General,* and *Myer Goldberg,* for defendant.