19018.   FIELDS *v*. BALKCOM, Warden.

ARGUED JULY 12, 1955—DECIDED SEPTEMBER 12, 1955.

*J. E. B. Stewart,* for plaintiff in error.

*Eugene Cook, Attorney-General, E. Freeman Leverett, Robert H. Hall, Assistant Attorneys-General,* contra.

ALMAND, Justice.   On January 10, 1955, this court affirmed the conviction of Jennings Edward Fields of the offense of murder. 211 *Ga.* 335 (85 S. E. 2d 753).   On March 17, 1955, Fields filed a petition for the writ of habeas corpus against R. P. Balkcom, Jr., Warden of the Georgia State Prison.   In his petition, Fields claims that his restraint and imprisonment are illegal and void, and violate his rights under specified provisions of the Federal Constitution and the Constitution of Georgia.   The alleged grounds of the illegality of his restraint are: that (a) he was arrested without a warrant; (b) he was coerced into signing a confession; (c) the jury which convicted him were biased and not impartial, because one of the jurors was heard to state, after the jury had returned their verdict and been dismissed, that "It is too bad that the State had to waste so much time and money trying Fields.   I have known ever since the killing that he is guilty, and I believe everybody else knows the same thing"; (d) at the time he was arrested and until he was sentenced, there had been a constant threat of mob violence, and therefore it was impossible for him to receive a fair trial, and the judge on his own motion should have granted a change of venue (this ground was expressly abandoned in his counsel's written brief); (e) the solicitor-general who prosecuted the case knowingly withheld from the jury evidence which had been obtained by the State, showing the mental condition of the petitioner, such evidence being the testimony of a physician and psychiatrist who had examined the petitioner; and (f) inflammatory and inaccurate

newspaper accounts, and circumstances occurring at the trial, made it impossible for the petitioner to have a fair and impartial trial. The respondent filed a response, in which he denied all the material allegations of the petition. The court after hearing evidence entered an order denying the prayers of the petitioner, and remanded him to the custody of the respondent. A bill of exceptions brings the case here for review.

Error is assigned on the court's refusal to permit a witness for the petitioner to testify what an unidentified person, who sat as a juror in the trial of the case, stated after the verdict had been rendered and the jury had been dismissed, it being contended that, if the witness had been allowed to answer the question, he would have stated that the unidentified juror said: "It is too bad that the State had to waste so much time and money trying Fields. I have known ever since the killing that he is guilty, and I believe everybody else knows the same thing."

It was not error for the court to refuse to permit the witness so to testify. Even if it be conceded—which we do not—that a statement made by a juror subsequently to the rendition of a verdict, showing his disqualification by reason of prejudice or bias, is admissible in evidence (see Code § 110-109; *Bowden* v. *State*, 126 *Ga.* 578 (1), 55 S. E. 499; *Ward* v. *Morris*, 159 *Ga.* 526 (3), 126 S. E. 291; *Peagler* v. *Huey*, 183 *Ga.* 677 (3), 188 S. E. 906; *Gossett* v. *State*, 203 *Ga.* 692 (5), 48 S. E. 2d 71; *Reece* v. *State*, 208 *Ga.* 690 (1), 69 S. E. 2d 92), no reason is shown why such matter was not urged in the petitioner's motion for a new trial, bias or prejudice of a juror discovered after verdict being a proper ground for a new trial as newly discovered evidence. *Monroe* v. *State*, 5 *Ga.* 85 (7); *Glover* v. *State*, 128 *Ga.* 1 (4) (57 S. E. 101).

"A writ of habeas corpus can not be used as a substitute for appeal, writ of error, or other remedial procedure for the correction of errors or irregularities alleged to have been committed by a trial court." *McKay* v. *Balkcom*, 203 *Ga.* 790 (1) (48 S. E. 2d 453). Where a defendant has been tried and convicted of a criminal offense, and his motion for a new trial has been denied and the ruling affirmed by this court, the writ of habeas corpus is an appropriate remedy only "when the court was without jurisdiction in the premises, or where it exceeded its jurisdiction in

passing the sentence by virtue of which the party is imprisoned, so that such sentence is not merely erroneous, but is absolutely void." *Wells* v. *Pridgen*, 154 *Ga*. 397 (2) (114 S. E. 355). "A defendant may not assert his defense by piecemeal, nor will he be permitted to rest his chances for a new trial upon some of the errors alleged to have been committed upon the trial of his case, and thereafter, upon the. denial of his motion for new trial, substitute the writ of habeas corpus to review alleged assignments of error which might have been included in the former motion for new trial, had such assignments been properly predicated upon some adverse ruling by the trial court." *Wallace* v. *Foster*, 206 *Ga*. 561 (1a) (57 S. E. 2d 920) (certiorari denied by U. S. Supreme Court, 340 U. S. 815). In the last-cited case, after the defendant's motion for a new trial and his extraordinary motion for a new trial had been denied and the rulings affirmed by this court (*Wallace* v. *State*, 204 *Ga*. 676, 51 S. E. 2d 395; s. c., 205 *Ga*. 751, 55 S. E. 2d 145), he sought release by habeas corpus. His contentions were: (a) his conviction was based upon perjured testimony; (b) the prosecution had suppressed certain evidence favorable to him; (c) newspaper publicity had robbed him of a fair and impartial trial. It was there held that neither the petition nor the evidence showed that the conviction was void for any reason.

All the matters alleged in the petition for habeas corpus as grounds for issuance of the writ involved matters that were either asserted, or could have been asserted, in the motion for a new trial. One of the grounds of the motion for a new trial was that the arrest of the defendant was illegal because made without the arresting officer having a warrant for his arrest. The contentions now urged—as to his confession being involuntary; that a change of venue should have been granted by the court on its own motion; inflammatory and inaccurate newspaper accounts—all involved matters that could have been grounds for a new trial.

The contention is made that the solicitor-general suppressed certain evidence, in that, it is charged, he had procured a physician and psychiatrist to examine the petition, and after such examination did not call upon the physician to testify because his testimony would have been unfavorable to the State on the question of sanity or insanity, and that this constituted an unlawful

suppression of evidence. A sufficient reply to this contention is that the petitioner knew at the time of the trial that this doctor had examined him, and no reason is shown why the defendant did not call such physician, and there is no charge that the solicitor-general did anything to prevent the petitioner from calling the doctor as a witness. A prosecuting attorney is under no duty to assist the defendant's counsel in preparing his defense. Thompson v. Dye, 113 Fed. Supp. 807. Furthermore, even if newly discovered evidence, the testimony of the doctor would be merely cumulative of other evidence introduced by the petitioner as to his sanity. See Code §§ 70-204, 70-303. No reason is given why this objection was not made at the trial, or in the motion for a new trial. Cf. Matter of Morhous v. Supreme Court of New York, 293 N. Y. 131 (56 N. E. 2d 79).

It was not error for the court to deny the petitioner's motion for a continuance in order to permit him to "introduce" in evidence certain depositions of four witnesses, which depositions had been taken on notice of the solicitor-general for use on behalf of the respondent on the habeas corpus hearing. It appears from the stipulation in the record between counsel for the parties that, after the depositions of these witnesses were taken, they had never been transcribed by the court commissioner; and the solicitor-general, on whose request they were taken, had waived their production, and the substance of what these witnesses testified before the commissioner was agreed to and stipulated in the evidence on the hearing. The ruling of the court in refusing to allow a continuance did not harm the petitioner, for the reason that it does not appear from the record that there was any material evidence in these depositions which would have supported the petitioner's contentions, or why the four witnesses could not have been subpoenaed by the petitioner to testify on the hearing, no offer being made by counsel for the petitioner to produce these witnesses, but counsel only asking for a continuance for time to have the depositions transcribed. Nor is it shown that the court in its discretion would have rejected the affidavits of these witnesses, if they had been offered by the petitioner. See *Robertson v. Heath,* 132 *Ga.* 310 (2) (64 S. E. 73) ; *Porter v. McCalley,* 146 *Ga.* 594 (3) (93 S. E. 405).

Neither the petition nor the evidence showing any reason to

void the petitioner's conviction by a proceeding for the writ of habeas corpus, where the matters now complained of were subject to review by another adequate and available remedy (Code §§ 70-204, 70-303), on the ground that certain constitutional rights of the petitioner were violated, we deem it unnecessary in this proceeding to notice or determine whether the matters complained of did or did not violate any constitutional rights of the petitioner ' asserted in his petition. See *Hall* v. *Scoggins*, 202 *Ga*. 198 (2) (42 S. E. 2d 763); *Hodges* v. *Balkcom*, 209 *Ga*. 856 (3) (76 S. E. 2d 798). It was not error to refuse the writ and remand the petitioner to the custody of the respondent.

*Judgment affirmed. All the Justices concur.*