20459. BALKCOM, Warden, *v.* PARRIS.

SUBMITTED APRIL 14, 1959—DECIDED MAY 8, 1959—
REHEARING DENIED JUNE 5, 1959.

*Eugene Cook, Attorney-General, E. Freeman Leverett, Assistant Attorney-General, B. D. Dubberly, Deputy Assistant Attorney-General,* for plaintiff in error.

*Guy R. Dunn,* contra.

ALMAND, Justice. Virgil S. Parris, on February 24, 1959, filed a petition for the writ of habeas corpus in behalf of his wife, Mrs. Margaret S. Parris, against R. P. Balkcom, Jr., Warden of the Georgia State Prison. In his petition Parris alleged that his wife was being illegally restrained by the respondent by virtue of an order signed by the Honorable Ralph H. Pharr, Judge of the Atlanta Judicial Circuit, revoking her sentence of probation in case No. 73792 of the Superior Court of Fulton County. Petitioner alleged that the order of revocation was null and void as being violative of his wife's rights under specified provisions of the Federal Constitution and the Constitution of

Georgia for various enumerated reasons; and that the evidence on the revocation hearing was insufficient to sustain the exercise of the judge's discretion in revoking the order of probation. The return and answer of the respondent alleged that the order of revocation was within the jurisdiction of the court, and that no appeal or exception had been made to said order, as provided by law. Error is assigned on the order of the Judge of the City Court of Reidsville ·discharging the prisoner from custody.

The record in this case discloses that Mrs. Parris's probation was revoked after a finding by the court that she had violated the mandate of the order of probation that she "shall not violate any of the penal statutes of the State of Georgia nor of the United States of America." This determination was made after a hearing for that purpose, of which she was given notice, as provided by Code (Ann.) § 27-2713 (Ga. L. 1956, pp. 27, 32). No exception was taken to this order by direct bill of exceptions as provided by law (*State* v. *Thompson,* 175 *Ga.* 189, 165 S. E. 34); and the petitioner may not now review by habeas corpus the judgment revoking the probationary sentence .imposed upon his wife, since "habeas corpus cannot be used as a substitute for appeal, writ of error, or other remedial procedure for the correction of errors or irregularities alleged to have been committed by a trial court." *Balkcom* v. *Johnson,* 211 *Ga.* 314 (2) (85 S. E. 2d 762). See *Baker* v. *Dixon,* 213 *Ga.* 709 (100 S. E. 2d 909); *Hodges* v. *Balkcom,* 209 *Ga.* 856 (3) (76 S. E. 8d 798). "This writ is the appropriate remedy only when the court was without jurisdiction in the premises, or where it exceeded its jurisdiction in passing the sentence by virtue of which the party is imprisoned," (*Wells* v. *Pridgen,* 154 *Ga.* 397 (2), 114 S. E. 355), or "where the defendant in his trial was denied due process of law, in violation of the Federal fourteenth amendment (Code § 1-815) and the State constitution, art. 1, sec. 1, par. 5 (Code [Ann.] § 2-105)," (*Aldredge* v. *Williams,* 188 *Ga.* 607, 608, 4 S. E. 2d 469), so that such sentence is not merely erroneous, but is absolutely void.

The allegations in the petition for habeas corpus—that the order of revocation was premature, in that the probationer was entitled to a jury· trial on the question of whether or not she had

committed the offense alleged to have been committed in violation of the terms of her probation, prior to said revocation; that three days' notice of the revocation hearing was not sufficient or adequate notice; that she had been acquitted by a jury, subsequently to the order of revocation, of said offense alleged to have constituted the probation violation; and that the evidence on the hearing was insufficient to sustain the exercise of the judge's discretion in revoking said probation—are insufficient to sustain the prisoner's discharge under the writ, in that such allegations fail to show the judgment of revocation to be void, which is requisite to such relief. *Moye* v. *Futch*, 207 *Ga.* 52 (2) (60 S. E. 2d 137); *Morris* v. *Peacock*, 202 *Ga.* 524 (43 S. E. 2d 531).

Accordingly, under the foregoing principles of law, it necessarily follows that the judgment releasing and discharging the prisoner from custody is erroneous and must be

*Reversed. All the Justices concur.*