22186.   RILEY  v.  GARRETT, Chairman, et al.

SUBMITTED SEPTEMBER 11, 1963—DECIDED OCTOBER 15, 1963.

*Edward B. Everett,* for plaintiff in error.

*Eugene Cook, Attorney General, Howard P. Wallace, Assistant Attorney General,* contra.

MOBLEY, Justice. ■ The writ of error presents the question of whether or not the crime of sodomy as defined by the laws of Georgia includes the unnatural copulation between a man and a woman per linguam in vagina.

"Sodomy is the carnal knowledge and connection against the order of nature, by man with man, or in the same unnatural manner with woman." *Code* § 26-5901. In *Herring v. State,* 119 Ga. 709 (2) (46 SE 876), this court held that sodomy can be committed by two men per os, as well as per anum, since the statutory definition "contains no limitation as to the organ with which such unnatural connection may be made." Though the *Herring* case was not decided by a full bench, one justice having been absent, in *White v. State,* 136 Ga. 158 71 SE 135), a full bench approved and followed the *Herring* case doctrine that sodomy as defined by the laws of Georgia may be committed by two men per os as well as per anum. The full bench decision of *Thompson v. Aldredge,* 187 Ga. 467 (200 SE 799), did not hold that the unnatural act of copulation per linguam in vagina is not sodomy under the laws of Georgia; rather, the decision simply followed the statutory definition of sodomy which excludes the possibility of the commission of the crime by two women, though the crime may be accomplished by two men or by a man and a woman. Nevertheless, the latter decision should have been taken as portending a judgment of this court construing *Code* § 26-5901 as not proscribing *any* connection per

linguam in vagina since there is no apparent reason why the legislature would have intended to punish a man and a woman for doing the same act which would not be punishable if done by two women.

We have not found a decision of this court which is squarely on point with the facts of the case sub judice. However, the case of *Comer v. State*, 21 Ga. App. 306 (94 SE 314), involved precisely the facts here involved. There, two judges, speaking through Presiding Judge Broyles, held that the unnatural act of copulation between a man and a woman per linguam in vagina constitutes sodomy under *Code* § 26-5901 because the words "the same unnatural manner" as used in that section refer back to the words "against the order of nature" and do not require the connection against the order of nature to be by means of the male sexual organ. Judge Bloodworth dissented, stating that the rule of strict construction of criminal statutes compels a construction that the carnal knowledge must be *"by* man with man, or in the *same* unnatural manner *by* man with woman," that is, the crime of sodomy as defined by the Code cannot be committed without use of the male sexual organ.

The majority judges of the Court of Appeals in the *Comer* case erred and the dissenting judge was correct because *Code* § 26-5901 is fairly and reasonably subject to either the construction given it by the majority judges or the construction given it by the dissenting judge and the rule is that when a criminal statute fairly and reasonably is subject to two constructions, one which would render an act criminal, the other which would not, the statute must be construed strictly against the State and in favor of the accused. *Gibson v. State*, 38 Ga. 571 (1); *Hill v. State*, 53 Ga. 125, 127; *Matthews v. Everett*, 201 Ga. 730, 735 (41 SE2d 148); *Glustrom v. State*, 206 Ga. 734, 738 (58 SE2d 534); *Wood v. State*, 68 Ga. App. 43 (a) (21 SE2d 915). Adhering to the rule of strict construction, we adopt the view taken by Judge Bloodworth in the *Comer* case, supra, that sodomy as defined by *Code* § 26-5901 must be committed by man with woman in the *same* unnatural manner as it is by man with man, that is, by use of the male sexual organ either per anum or per os. The fact that the unnatural sexual act here involved is fully as loathsome and

disgusting as the acts proscribed by the Code does not justify us in reading into the statutory prohibition something which the General Assembly either intentionally or inadvertently omitted. *Thompson v. Aldredge,* 187 Ga. 467, supra.

■ Defendants in error raise several questions as to whether or not plaintiff in error has pursued the proper remedy to raise the question decided in Division 1 of this opinion and, if so, whether he has pursued that remedy effectively. They do not contend that mandamus will not lie to compel members of the State Board of Pardons and Paroles to consider and pass upon the application for parole of a prisoner who has served less than the minimum term of his indeterminate sentence but more than the term required by the rules of the board in order to be eligible for consideration for parole. Indeed, such a contention would not be valid. *Matthews v. Everett,* 201 Ga. 730, supra. Rather, they urge, in substance, that this court should rule that a judgment of conviction cannot be collaterally attacked by a petition for mandamus on the ground that it is void because the indictment on which it was founded fails to state a crime against the laws of Georgia since this court held in *Strickland v. Thompson,* 155 Ga. 125 (116 SE 593), a habeas corpus proceeding, that the same question could not be raised by a petition for a writ of habeas corpus, the reason for the rule with reference to habeas corpus being the same as to mandamus, to wit: plaintiff can not substitute a collateral attack for a direct attack by demurrer or motion to arrest judgment followed, if necessary, by a writ of error.

The case of *Strickland v. Thompson,* supra, relied upon by defendants in error, is disapproved in the particulars hereinafter discussed because in those particulars it is unsound and in conflict with previous full bench decisions of this court. We intend to express no disapproval of the principle relied upon in the *Strickland* case that habeas corpus is not a substitute for writ of error or other remedial process. That principle is sound and is supported by a long line of decisions both within and without this State. *Yancy v. Harris,* 9 Ga. 535; *Lark v. State,* 55 Ga. 435; *McFarland v. Donaldson,* 115 Ga. 567 (1) (41 SE 1000); *Harrell v. Avera,* 139 Ga. 340 (1) (77 SE 160); *Wells v. Pridgen,*

154 Ga. 397 (1) (114 SE 355); *Etheridge v. Poston*, 176 Ga. 388
(5) (168 SE 25); *Kinman v. Clark*, 185 Ga. 328 (195 SE 166);
*Sanders v. Aldredge*, 189 Ga. 69 (5 SE2d 371); *Wallace v. Foster*,
206 Ga. 561 (1) (57 SE2d 920); *Bradford v. Mills*, 208 Ga. 198
(4) (66 SE2d 58); *Fields v. Balkcom*, 211 Ga. 797 (89 SE2d 189);
*Crane v. Thompson*, 218 Ga. 47 (1) (126 SE2d 204); *Adams v.
Balkcom*, 218 Ga. 466 (1) (128 SE2d 510); *Peppers v. Balkcom*,
218 Ga. 749 (1) (130 SE2d 709). Our criticism of the *Strickland*
case is directed to the rulings contained in headnotes 3 and 4
wherein the court failed to cite and rely upon controlling Georgia
authorities, relying instead upon foreign authorities to the con-
trary. Those headnotes are as follows: "3. Whether an act
charged is or is not a crime by the law which the court admin-
isters is a question within its jurisdiction and for its decision,
and hence not determinable on habeas corpus." "4. Where the
court has jurisdiction of the offense and the offender, the sufficien-
cy of the accusation, or of the acts therein set forth to constitute
a crime, can not be considered on habeas corpus." The fault we
find with these pronouncements of law is that prior to the deci-
sion in the *Strickland* case this court by full bench decisions had
determined that a person who is held or convicted under an in-
dictment which fails to charge any offense against the laws of
this State may secure his release by habeas corpus. *McDonald
v. State*, 126 Ga. 536 (55 SE 235) (not full bench); *McDonald v.
Sowell*, 129 Ga. 242 (58 SE 860, 12 AC 701); *Tollison v. George*,
153 Ga. 612 (3) (112 SE 896). The case of *Thompson v. Al-
dredge*, 187 Ga. 467, supra, a full bench decision decided sub-
sequently to the *Strickland* case, discharged a woman from cus-
tody who had been convicted of sodomy for doing the same act
for which the plaintiff in the instant case was convicted of
sodomy.

Closely analagous to the case at bar, wherein the legislature
has not made the act in question criminal, are those cases in
which the prisoner attacks his judgment of conviction by habeas
corpus on the ground that the statute under which he was in-
dicted, tried, and convicted is unconstitutional, *Moore v. Wheeler*,
109 Ga. 62 (35 SE 116), *White v. Hornsby*, 191 Ga. 462, 463 (1)
(12 SE2d 875), *Reid v. Perkerson*, 207 Ga. 27, 28 (2) (60 SE2d

151); *Moore v. Burnett,* 215 Ga. 146 (109 SE2d 605), or on the ground that the statute was repealed prior to the date the offense was alleged to have been committed. *Griffin v. Eaves,* 114 Ga. 65 (1) (39 SE 913). These three types of cases, that is, where there is no law proscribing the act in question, where there was a law but it was repealed prior to the date the offense was alleged to have been committed, and where there is a law but it is unconstitutional, constitute exceptions to the general rule that a judgment of a court having jurisdiction of the type of offense and the alleged offender is not open to collateral attack, *Wells v. Pridgen,* 154 Ga. 397, 399, supra, *Kinman v. Clark,* 185 Ga. 328, 330 (2) supra, the remedy of habeas corpus being available in these exceptional cases because the court is without jurisdiction in the particular case to render the particular judgment. *Moore v. Wheeler,* 109 Ga. 62, 63, supra; *Griffin v. Eaves,* 114 Ga. 65, 67, supra; *Reid v. Perkerson,* 207 Ga. 27, 28 (2) supra. "[I]n criminal cases the jurisdiction of the court extends to such matters as the law has declared criminal, and none other; and when a court undertakes to punish for an offense to which no criminality attaches, however reprehensible such offense may be in the forum of conscience, the court acts beyond its jurisdiction. An indictment, information, or written accusation is the very groundwork of the whole superstructure of a prosecution for the commission of an offense. If such an information contains allegations of overt acts or conduct which does not constitute any crime known to the law, or undertakes to state an offense, but the facts stated do not constitute the offense, and no addition to them, however full and complete, can supply what is essential, the court is without jurisdiction to put the accused on trial. In such case the judgment of conviction cannot be corrected. It is simply void. Imprisonment thereunder is illegal, and the accused is entitled to his release in a habeas corpus proceeding, even though he might secure the same relief on appeal." Anno. 57 A.L.R. 85, 87. Contrast *Plocar v. Foster,* 211 Ga. 153 (1) (84 SE2d 360), wherein the question presented was the sufficiency of the allegations, that is, the completeness of the allegations, to charge an act and intent which would constitute a crime, this being a question of pleading, whereas in the instant case the question presented

is whether the act charged constitutes a crime, a question of the court's jurisdiction. See in this connection, 25 Am. Jur., Habeas Corpus, §§ 41-44.

The rule that the writ of habeas corpus is not a substitute for a writ of error will be understood when the diverse purposes of' the two types of writs are understood. The function of the writ of error is to correct errors of law. *Kelly v. Strouse & Brothers,* 116 Ga. 872, 873 (5b) (43 SE 280). The function of the writ of habeas corpus is to inquire into and determine the legality of the detention at the time of the hearing, such detention being illegal if the judgment of conviction is void. *Simmons v. Georgia Iron &c. Co.,* 117 Ga. 305 (1) (43 SE 780, 61 LRA 739); *Stephens v. Henderson,* 120 Ga. 218, 220 (47 SE 498); *Hudson v. Jennings,* 134 Ga. 373, 374 (2) (67 SE 1037); *Harris v. Norris,* 188 Ga. 610, 611 (4 SE2d 840); *Wells v. Pridgen,* 154 Ga. 397 (2) supra; *Fleming v. Lowry,* 173 Ga. 894 (1) (28 SE 239); *McKay v. Balkcom,* 203 Ga. 790 (2) (48 SE2d 453); *Balkcom v. Parris,* 215 Ga. 122 (109 SE2d 48). Thus, the rule that habeas corpus is not a substitute for writ of error means that habeas corpus will not lie to correct voidable judgments, that is, judgments which are merely erroneous, while habeas corpus will lie to secure a release from detention under a judgment which is utterly void. *Balkcom v. Parris,* supra.

Habeas corpus is not an available remedy in the case at bar because the petitioner is a State's prisoner under a valid judgment of conviction under count 1 of the indictment. *Bennett v. Lowry,* 167 Ga. 347 (2, 3) (145 SE 505). Mandamus is the only remedy available by which petitioner can collaterally attack the void judgment of conviction under count 2 and compel the Board of Pardons and Paroles to consider his application for parole. *Code* §§ 64-101, 110-701, 110-709. The petition for mandamus is not premature because the petitioner presently is being hurt by the void judgment of conviction under count 2 in that that judgment stands as a bar to his right to have his application for parole considered. *Matthews v. Everett,* 201 Ga. 730, supra; contrast *Kryder v. State,* 212 Ga. 272 (2) (91 SE2d 612).

■ Defendants in error insist that the present petition for

mandamus does not state a cause of action because mandamus will not lie unless the act commanded to be done is legally possible before the application for the writ is made; that at the time the application for the writ was made the judgment of conviction under count 2 stood unreversed and, since the Board of Pardons and Paroles was without power to approve or disapprove that judgment, the board was justified under the laws and its rules in refusing to consider and pass upon the application for parole on the basis presented until the judgment was judicially determined to be void. The cases of *McGill v. Osborne*, 131 Ga. 541 (1) (62 SE 811), and *Gay v. City of Lyons*, 210 Ga. 761 (1) (82 SE2d 817), cited and relied upon by defendants in error for this position, and the cases of *Kirkland v. Lowry*, 175 Ga. 240 (1) (165 SE 111), *Hollis v. Jones*, 187 Ga. 14, 19 (199 SE 203), and *Sauls v. Winters*, 215 Ga. 515 (1) (111 SE2d 41), which were also decided pursuant to that principle, are distinguishable from the case at bar in that in none of them was a collateral attack upon a void judgment made in the petition for mandamus. Those cases are but examples of a principle kindred to that stated in *Code* § 64-106, which provides that "mandamus will not be granted when it is manifest that the writ would, for any cause, be nugatory or fruitless." When, as in the instant case, the petition for mandamus shows that the act the performance of which is sought is legally impossible because of an unreversed judgment of a court, and the allegations of the petition are sufficient to show the judgment to be void because it was rendered by a court which was without jurisdiction, the application for mandamus will not fail to state a cause of action because the judgment has not been successfully attacked and declared void prior to the filing of the petition for mandamus. *Stewart v. Davidson*, 218 Ga. 760 (130 SE2d 822). To rule otherwise would be to require a needless multiplicity of suits in order to reach the same result.

■ (a) Defendants in error next complain that the petition is insufficient to collaterally attack the judgment of conviction in count 2 because it does not allege how and in what manner the sentence is null and void, nor that count 2 of the indictment fails to set forth a crime under the laws of the State of Georgia,

nor does it pray that the judgment of conviction be declared null and void. We must agree that the petition is not drawn with particularity. However, we disagree that the defects are serious enough that the petition fails to state a cause of action. "Though a bill be not framed with accurate precision, yet, the allegations will be sufficient, if they clearly and distinctly apprise the defendant of what he is called on to defend." *Black v. Black,* 15 Ga. 445 (2). The petition alleges that the sentence imposed upon count 2 is null and void under the laws of Georgia. This allegation amounts to no more than a conclusion of the pleader. However, the application for parole which was filed with the Board of Pardons and Paroles is attached to the petition as an exhibit and its allegations are incorporated into the petition by reference. The application for parole alleges that count 2 is null and void on the ground that it fails to set forth the crime of sodomy under *Code* § 26-5901. Count 2 of the indictment is attached to the petition as an exhibit and incorporated into the petition by reference. Thus the petition and its exhibits fully show that count 2 of the indictment is null and void under the laws of Georgia. *Lockett v. National Life &c. Ins. Co.,* 193 Ga. 372, 375 (18 SE2d 550); *Vandiver v. Endicott,* 215 Ga. 250, 251 (109 SE2d 775).

(b) *Code* § 110-709 provides that: "The judgment of a court having no jurisdiction of the person or subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." That provision of the Code dispenses with the necessity of a prayer that the judgment of conviction be declared void.

The petition states a cause of action for the relief sought. *Judgment reversed. All the Justices concur.*