## ROOKS *vs.* THE STATE OF GEORGIA.

1. While we think it a sound rule of practice, in putting witnesses under the rule, to swear all of them on both sides and send them out of hearing until called to testify, still we know of no law which renders a witness incompetent because he has heard some of the testimony on the side opposed to that on which he was called. It might be a ground to attach the witness, but not to exclude him.

2. In a criminal case the venue must be proved beyond a reasonable doubt.

Witness. Practice in the Superior Court. Venue. Criminal law. Before Judge SPEER. Monroe Superior Court. February Term, 1880.

Reported in the decision.

BERNER & TURNER; H. C. PEEPLES, for plaintiff in error.

F. D. DISMUKE, solicitor general; STEWART & HALL, for the State.

CRAWFORD, Justice.

Henry Rooks was convicted of malicious mischief in the court below, and by his bill of exceptions claims that the errors committed entitle him to a new trial. He submits:

1. That Robert Lyon, a witness for him, was not permitted to testify in his behalf, because after having been

sworn and "put under the rule," he was present in the court-room and heard the testimony of the witnesses on the part of the state.

The law is that "in all cases either party has the right to have the witnesses of the *other party* examined out of the hearing of each other." Whilst this is the rule of law upon this subject, yet it is the practice of the courts, whenever requested, to have all the witnesses, both for the state and the accused, called in and sworn, and then instructed to retire beyond the limits of the court-room, and there remain without communication with any one as to what may have been sworn in the case, until they are called to the stand themselves to testify.

We recognize this as a sound rule of practice, and think that the court should take proper care to effect this object as far as practicable and convenient, yet we know of no legal right existing in one party to have a witness excluded from the stand because he happened to be present when the witnesses of the other party were testifying. Nor do we think that the court itself should go to the extent of depriving a party of the testimony of his witness, because that witness has disobeyed the order given touching his presence in the court-room at an improper time. At most it was only an irregularity, and may have amounted to a contempt for which the witness might have been fined, but to *exclude* him, might deny the party of the testimony of the only person in the world by whom he could prove his innocence. Such is not law. Code, §3863. 27 *Ga.*, 288.

2. It is claimed in this ground that the verdict is contrary to law, because it nowhere appears in the testimony that the venue is proven. An examination establishes the fact that it was not shown by any of the witnesses that the crime, if committed at all, was committed in the county of Monroe. No conviction is legal unless the venue is made to appear beyond a reasonable doubt; and a verdict has been held contrary to law where the testi-

mony does not show that the offence was committed in the county where the defendant was tried. 48 *Ga.*, 43; 56 *Ib.*, 36; *Moye vs. The State*, September Term, 1880.

Judgment reversed.