DAVIS *vs.* THE STATE OF GEORGIA.

There can be no legal conviction without proof, direct or circumstantial, that the offence was committed in the county. And the lack of sufficient evidence of the venue is covered by exceptions taken by *certiorari* to the finding of the county judge as contrary to law and without evidence to support it.

November 28, 1888.

| 82 | 205 |
| 90 | 477 |
| 82 | 205 |
| 99 | 45 |
| 82 | 205 |
| 105 | 834 |

Criminal law. Venue. Jurisdiction. New trial. Before Judge HINES. McDuffie superior court. March term, 1888.

Reported in the decision.

JOHN T. WEST, for plaintiff in error.

BOYKIN WRIGHT, solicitor-general, by brief for the State.

BLECKLEY, Chief Justice.

Davis, a school-teacher, was convicted on an accusation before the county judge of McDuffie county, of a

misdemeanor in cruelly beating one of the boys attending his school. By *certiorari* he carried the case to the superior court, and thence by writ of error brought it here. Amongst the exceptions taken by *certiorari* were, that the finding of the county judge was contrary to law, without evidence to support it, etc. Neither by the petition for *certiorari*, nor by the evidence set out in the answer or return of the county judge, did it appear that the offence was committed in McDuffie county, nor where it was committed, except that it was at the place of the school, but where the school was did not appear.

The venue is a jurisdictional fact, and there is no provision of law for pleading specially to the jurisdiction; hence the fact is one to be proved by the State as a part of the general case. The proof may be direct or circumstantial, but it has to be made, otherwise a conviction is unwarranted. To this effect is the tenor of the decisions. *Rooks vs. The State*, 65 *Ga.* 330; *Moye vs. The State, Id.* 754, *Smiley vs. The State*, 66 *Ga.* 754; *Day vs. The State*, 68 *Ga.* 827; *Smith vs. The State*, 69 *Ga.* 768; *Dumas vs. The State*, 62 *Ga.* 58.

The superior court erred in not sustaining the *certiorari*.

Judgment reversed.