Blyew v. Commonwealth.

CASE 35—INDICTMENT—FEBRUARY 3.

# Blyew v. Commonwealth.

APPEAL FROM LEWIS CIRCUIT COURT.

1. CRIMINAL LAW—FORMER CONVICTION.—The trial and conviction of the defendant in the United States Circuit Court did not bar a prosecution in the State court for the same offense, the United States Court having no jurisdiction of the offense.

2. FAILURE TO DISPOSE OF FORMER INDICTMENT FOR SAME OFFENSE.— Although defendant was tried and convicted under the indictment in this case without an order of court having been made disposing of a former indictment against him for the same offense, his substantial rights were not prejudiced thereby.    The defendant having fled after the first indictment, it is to be assumed that that indictment was lost or mislaid during the long period which elapsed before he was rearrested.

3 SEPARATION OF JURY.—In the absence of undue influence or interference by others, the mere fact that two of the jurors retired to another room after the case was submitted to them is not sufficient to authorize a new trial.

4. A DYING DECLARATION may be proved by oral testimony where it does not appear that it was reduced to writing.

THOMAS & PUGH FOR APPELLANT.

1. Unless the former indictment was lost or dismissed, and a proper order made by the court, the grand jury had no right to return a second indictment, nor could appellant be tried thereon while the original proceeding was still pending.    (Commonwealth v. Keger, 1 Duv., 240.)

2. Appellant was entitled to a new trial on account of the separation of the jury.  (Commonwealth v. Shields. 2 Bush. 81.)

3. Where a dying declaration has been reduced to writing it can not be proved by parol.  (Greenleaf on Evidence, vol. 1, sec. 161.)

4. The admission of illegal testimony is a ground of reversal, even though no objection or exception be disclosed by the bill.  (9 Bush, 224; amendment to sec. 340 of Criminal Code.)

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLEE.

1. A trial in a court having no jurisdiction is not a bar to another prosecution for the same offense.

2. The court will presume the existence of the facts necessary to authorize

Blyew v. Commonwealth.

the finding of the second indictment in the absence of any thing in defendant's plea to negative their existence.

3. The bill of exceptions, as amended, does not contain the statement that the dying declarations were in writing

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

It appears that the crime of murder, the conviction for which appellant now complains, was committed in 1868, and he states in the plea filed in the lower court he was for the offense indicted, tried and convicted in the United States Circuit Court. He further states that he was afterwards, in 1873, indicted and tried in the same court where the judgment appealed from was rendered, but there was then no verdict rendered, the jury disagreeing. It appears that after that appellant escaped from jail, and remained out of the jurisdiction of the court until 1890, when another indictment was found, and under it, and not the one of 1873, he was convicted.

1. As the United States Circuit Court had no jurisdiction of the offense, he has not, in the meaning of section 14, article 13, of the State Constitution, "for the same offense been twice put in jeopardy of his life," and there was nothing to prevent the trial and conviction in the State court.

2. Section 118, Criminal Code, defines an indictment as an accusation in writing, found and presented by a grand jury to the court in which they are empaneled, charging a person with the commission of a public offense.

It does not appear why appellant was tried under the indictment found in 1890 instead of the one found in 1873, and it must, therefore, be assumed the first

one was lost or mislaid during the long period which elapsed between 1873, when appellant fled, and 1890, when he was rearrested. But while there is no provision in the Code expressly authorizing a new indictment, found without some order of court in reference to the first one, we do not see how appellant's substantial rights have been prejudiced; for he has, by the new indictment, been accused of and put on trial for the identical offense with which he was charged in the other, and in every particular the same proceeding has been had that could have taken place i there had been but one indictment.

Upon the motion for a new trial affidavits were filed tending to show that after the case was submitted to the jury, and they had retired to their room in the court-house for deliberation, two of the jurors went to another room in the same building, and remained thirty minutes or more away from the other jurors. It is the policy of the law, and necessary to the ends of justice, that jurors should be kept together, and freed from communication with other persons on any subject connected with the trial; and it is furthermore made their duty not to converse with each other on any subject connected with the trial, nor express any opinion thereon until the case is finally submitted to them. But no authority exists in the court to set aside a verdict returned freely and with apparent unanimity when there is no evidence whatever of undue influence or interference by others, merely because two of the jury may have conversed or deliberated apart from the others for a short time in the same room, or even an adjoining room. Argument and sug-

gestions from one to others, or even another member of a jury, are not only proper but necessary in many cases to agreement on a verdict; and when it has been reached, it is not the province of the court to inquire how it was done in the absence of undue influence by outsiders.

The objection that the dying declarations of the person appellant is charged to have murdered were proved by oral testimony, without production of or accounting for the writing in which it is contended they were contained, can not avail for the reason that the bill of exceptions, as it appears to us, does not show the declarations were reduced to writing. It is true the bill as first written and signed by the judge in the absence of the Commonwealth's attorney shows the dying declarations were reduced to writing; but upon his motion and by order of court that part of the bill was stricken out, and it does not now appear to this court that fact was proved on the trial; consequently the evidence was competent.

Perceiving no error of law to the prejudice of appellant's substantial rights, the judgment is affirmed.