*W. E. Mann, G. G. Glenn, W. C. Martin,* for plaintiff in error.

*J. M. Lang, solicitor-general,* contra.

---

### 9826. BARRS v. THE STATE.

"A party who has been tried and convicted by a court not having jurisdiction of the offense can not plead prior jeopardy if subsequently indicted for the same offense in a court having jurisdiction thereof."

> DECIDED OCTOBER 14, 1918.

Accusation of misdemeanor; from city court of Dublin—Judge Flynt. May 20, 1918.

*R. Earl Camp,* for plaintiff in error.

*S. P. New, solicitor,* contra.

BLOODWORTH, J. An accusation charging the defendant with having in his possession a quantity of intoxicating liquor was filed in the city court of Dublin. The defendant was arrested and placed

in jail. At his request he was carried from the Laurens county jail to Wrightsville, in Johnson county, where an accusation was drawn against him by the solicitor-general of the Dublin circuit, charging him with the same offense. A plea of guilty was then and there entered before the judge of that circuit, and a sentence imposed. On return of the defendant to Laurens county he was again arrested and was tried in the city court, under the original accusation. A plea of former jeopardy was filed. The record contains an agreed statement of facts, headed, "Special plea in bar filed by defendant,"which statement is as follows: "It is agreed, from the facts in the plea at bar, that the defendant was arrested by the deputy-sheriff of the superior court, and, upon the request of the defendant, the sheriff of the county, or his deputies, after the defendant was placed in jail, . . carried the defendant before the solicitor-general of the Dublin judicial circuit, who preferred an accusation against him at Wrightsville in Johnson county, and then carried him before his honor J. L. Kent, judge of said circuit, where a plea of guilty to said accusation was entered, and judgment rendered thereon by the judge of the superior court, and sentence imposed by the judge of the superior court at Wrightsville in Johnson county. Th.re was a warrant pending against the defendant at the time of his arrest. Also let it appear that the arrest was made by the sheriff of the county at the request of the sheriff of the city court." While it appears from the record that a motion was made to "strike" the special plea, yet the record shows also that the motion was sustained on the single ground that "the judge of the superior court did not have any jurisdiction to pass on a matter like that in another county." The judge "struck" the plea, instead of overruling it, but this was a mere technical error. *Wells* v. *State*, 118 *Ga.* 556 (7), 563 (45 S. E. 443).

In the brief of counsel for the plaintiff in error it is stated that "there can be but one possible point to determine, and that is as to whether the judge of the superior court had a right to receive the plea of guilty in another county of his circuit, and one other than the county in which the crime was alleged to have been committed." From the foregoing it is evident that the judge had before him the agreed statement of facts, and, taking it under consideration, passed upon the issue raised by the special plea. This being true, the question for determination is, Was the ruling of

the judge of the city court correct? Or can a defendant in a criminal case be tried in a county different from the one in which the crime is committed, where there has been no change of venue? Section 29 of the Penal Code (1910), is as follows: "All criminal cases shall be tried in the county where the crime was committed, except cases in the superior courts where the judge is satisfied that an impartial jury can not be obtained in such county. When he becomes thus satisfied, he may change the venue for the trial.". See also art. 6, sec. 16, par. 6 of the constitution of the State, embodied in the Civil Code (1910), § 6543. In the instant case there is no claim that an impartial jury could not be obtained, and no question of a change of venue is involved. Counsel for the plaintiff in error insists that no one but his client could raise the question of jurisdiction, and that he has waived it.

The 3d headnote of *Dix* v. *Dix,* 132 *Ga.* 630 (64 S. E. 790), is as follows: "If a court is wholly without jurisdiction of a given subject-matter, or power to pass upon issues in respect thereto, an attempted decision of issues on that subject is invalid, and will not operate as res adjudicata in a subsequent suit concerning the subject-matter in a court of competent jurisdiction." In the opinion in that case we find the following (p. 632): "It is rudimentary law that parties can not, by consent express or implied, give jurisdiction to a court; that as to the subject-matter the court is limited by the powers conferred upon it by law, and can not be given additional power or jurisdiction by consent of the parties or by waiver; but that as to jurisdiction of the person, the point may generally be waived, so far as the rights of the parties are concerned, but not so as to prejudice the rights of third persons. Civil Code [of 1895], §§ 5079-5080. The language in the latter part of section 5079 [Civil Code of 1910, § 5663] does not mean that parties can confer upon a court, by agreement or waiver, jurisdiction as to a subject-matter." In *Smith* v. *Ferrario,* 105 *Ga.* 51 (31 S. E. 38), the court said: "It appears, from the supplemental record brought up by the defendant in error, that this case was referred to the judge of the city court by consent of both parties, in order, as it was stated, to have the question determined. The case was argued here without any motion to dismiss for want of jurisdiction. Consent of parties, however, can not give a court jurisdiction of a subject-matter when it has none by law; and.

when this court discovers from the record that a judgment has been rendered by a court having no jurisdiction of the subject-matter and the case is brought here for review upon writ of error, this court will of its own motion reverse the judgment." See also *State v. Sallade,* 111 *Ga.* 700 (36 S. E. 922); *Epps* v. *Buckmaster,* 104 *Ga.* 698 (2, 3), 700 (30 S. E. 959); *Yon* v. *Baldwin,* 76 *Ga.* 769; *Raney* v. *McRae,* 14 *Ga.* 589 (60 Am. D. 660).

In State of Indiana *v.* Tolleston Club of Chicago, 53 Fed. 19, District Judge Baker said: "The want of jurisdiction is affirmatively shown on the face of the record. In such case neither silence nor positive consent will confer jurisdiction, because the parties cannot confer on the court a jurisdiction denied to it by the statute." The 2d headnote in Montross *v.* State, 61 Miss. 429, is as follows: "A party who has been tried and convicted by a court not having jurisdiction of the offense cannot plead prior jeopardy if subsequently indicted for the same offense in a court having jurisdiction thereof." In Commonwealth *v.* Peters, 53 Mass. (12 Metc.) 387, the Supreme Court of Massachusetts said: "An acquittal by a jury, in a court of the United States, of a defendant who is there indicted for an offense of which that court has no jurisdiction, is no bar to an indictment against him, for the same offense, in a state court." The first headnote in Blyew *v.* Commonwealth, 91 Ky. 200 (15 S. W. 356), is as follows: "The trial and conviction of the defendant in the United States Circuit Court did not bar a prosecution in the State court for the same offense, the United States Court having no jurisdiction of the offense." In the case of Mills *v.* Commonwealth, 13 Pa. St. 627, the court said (p. 630): "Jurisdiction in courts is the power and authority to declare the law. The very word in its origin imports as much. It is derived from *juris* and *dico,*—I speak by the law. And that sentence ought to be inscribed in living light on every tribunal of criminal power. It is the right of administering justice through the laws by the means which the law has provided for that purpose; . . it is not the consent of counsel which can constitute a tribunal by which a citizen may be tried and punished. It is the law of the land, and that alone which can constitute and establish such a tribunal. I need not repeat the authorities which establish that consent can not give jurisdiction. In criminal proceedings especially that axiom has grown with the growth and strengthened with the

strength of the law. Trials by lynch law might otherwise be valid. For at times, I dare to say, a man might consent to their jurisdiction in hope or in fear, or perhaps in ignorance. But *autrefois acquit* or *autrefois convict* could not· be pleaded in that case, nor in this. ·Because it is a lawful trial only that can be effectually so pleaded. . . The trial was *coram non judice,* and therefore null."

Other questions were raised by the motion to "strike," but they had reference to mere irregularities of procedure, and these could· have been waived if the case had been proceeding in a court of competent jurisdiction;· but there is a wide difference between such irregularities in a court of competent jurisdiction and the entire absence of jurisdiction. The latter can not be waived. The order of the judge of the city court was based upon the entire absence of jurisdiction in the superior court of Johnson county to try the case where the venue was clearly shown to be in Laurens county. Applying the principles announced above, it clearly appears that the superior court of Johnson county had no jurisdiction, that the judgment against the defendant in that court is void, and the judge of the city court did not err in so holding.

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*