18431. HALL *v.* MATTHEWS, Superintendent.

ARGUED JANUARY 11, 1954—DECIDED JANUARY 15, 1954—REHEARING DENIED FEBRUARY 11, 1954.

*Robert Carpenter, Ferrin Mathews,* for plaintiff in error.

*Eugene Cook, Attorney-General, Lamar Sizemore, Assistant Attorney-General, W. Dan Greer,* contra.

WORRILL, Justice. "All criminal cases shall be tried in the county where the crime was committed, except cases in the superior courts where the judge is satisfied that an impartial jury cannot be obtained in such county." Code § 27-1101; Constitution, art. VI, sec. XIV, par. VI (Code, Ann., § 2-4906).

Counsel for the plaintiff in error rely on *Barrs v. State,* 22 *Ga. App.* 642 (97 S. E. 86), involving a case where a defendant pleaded guilty in a county other than the county in which the crime was alleged to have been committed, and where it was held that "A party who has been tried and convicted by a court not having jurisdiction of the offense can not plead prior jeopardy if subsequently indicted for the same offense in a court having jurisdiction thereof."

The above decision was rendered prior to the constitutional amendment (Ga. L. 1939, p. 78) which declares that judges of the superior court "may, on reasonable notice to the parties, at any time, in vacation, at chambers, hear and determine, by interlocutory or final judgment, any matter or issue, where a jury verdict is not required, or may be waived." Constitution, art. VI, sec. IV, par. VIII (Code, Ann., § 2-3908).

Under the broad powers conferred by the above-stated constitutional amendment, the judge of the Pataula Circuit was not without authority while presiding in the Superior Court of Miller County, to receive the plea of guilty to a crime which was alleged to have been committed in Randolph County, and the judgment against the defendant in the Superior Court of Miller County was not void for want of jurisdiction of the subject matter.

Accordingly, the judge of the trial court did not err in remanding the defendant to the custody of the superintendent.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating.*