18808. BALKCOM, Warden, *v.* JOHNSON.

CANDLER, Justice. Henry Johnson pleaded guilty to the penal offense of making whisky in Emanuel County on October 10, 1951, and was sentenced to pay a fine of $250 and to serve a prison term of from two to five years. Under power and authority granted to him by an act which the legislature passed in 1950 (Ga. L. 1950, p. 352), and on condition that the defendant pay the money fine, violate no penal statute of Georgia, and personally report to a named parole officer once a week for the full period of five years, the trial judge, in his sentence, permitted the defendant to serve his prison term on probation or outside the confines of the penitentiary. During March, 1954, the solicitor-general of the judicial circuit in which Emanuel County is located filed a petition to revoke his probation, alleging, as ground therefor, that he had violated the terms of his sentence by the illegal possession of

intoxicating liquors. On the revocation hearing, at which Johnson was present and represented by counsel, it was shown by uncontradicted evidence that he was apprehended in Emanuel County on January 29, 1954, while in the exclusive possession of "either seven or nine half-gallon fruit jars full of unstamped, untaxed, moonshine whisky." At the conclusion of the hearing and on March 27, 1954, his probation was revoked and he was delivered to the warden of the penitentiary for the purpose of serving the balance of his sentence. To this judgment he did not except, but on April 10, 1954, instituted habeas corpus proceedings and in his petition for the writ alleged that his detention by the warden of the penitentiary was illegal, because: (1) After the expiration of his minimum sentence of two years, the Superior Court of Emanuel County, Georgia, and the judge thereof, lost jurisdiction of his case. Hence, the judgment revoking his probated sentence and placing him in the custody of the warden of the penitentiary is illegal, null and void. (2) The judgment revoking his probated sentence recites as the reason therefor "that the said Henry Johnson did on the 29th day of January, 1954, commit the offense of possessing liquor in Emanuel County, Georgia," and the possession of liquor in Emanuel County is not necessarily a violation of the penal laws of Georgia. The court, after a hearing, ordered the respondent to release and discharge the applicant. The respondent excepted. *Held:*

1. There is obviously no merit in the contention that the court, or the judge thereof, lost jurisdiction of the defendant's case after he had served his minimum sentence of two years, and that the judgment revoking his probation is for this reason, illegal, null, and void. A probated sentence is served under the supervision of the judge imposing it, and he may after a hearing revoke it at any time during the maximum period covered thereby if the defendant violates any of the rules and regulations upon which it was granted. Ga. L. 1950, p. 352; Code (Ann. Supp.) § 27-2502.

2. A defendant by habeas corpus cannot review a judgment revoking a probationary sentence imposed upon him, since "habeas corpus cannot be used as a substitute for appeal, writ of error, or other remedial procedure for the correction of errors or irregularities alleged to have been committed by a trial court." *Wallace* v. *Foster,* 206 *Ga.* 561 (57 S. E. 2d 920), and citations. To the same effect, see *Foster* v. *Jenkins,* 210 *Ga.* 383 (80 S. E. 2d 277).

3. From what has been held in the preceding divisions, it necessarily follows that the judgment releasing and discharging the applicant from the custody of the respondent is erroneous.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 10, 1955—DECIDED FEBRUARY 14, 1955.

*J. T. Grice, Eugene Cook, Attorney-General, Robert H. Hall, E. Freeman Leverett, Assistant Attorneys-General,* for plaintiff in error.

*Williams & Smith, George L. Smith, II,* contra.