19885. BAKER, Warden, *v.* DIXON.

HAWKINS, Justice. The record in this case, a habeas corpus proceeding, brought by George D. Dixon against the Warden of Clayton County Public Works Camp, discloses that Dixon pleaded guilty on May 6, 1953, in Fulton Superior Court, to a twelve-count indictment charging him with writing fictitious checks and forgery; that on the same day he was sentenced as follows: Two to five years on Count 5; twelve months probated on Count 1 to follow Count 5; twelve months probated on Count 3 to follow Count 1; twelve months probated on Count 9 to follow Count 3; that he began service on the two-to-five-year sentence on May 6, 1953, and was granted a conditional release by the Georgia Pardon and Parole Board on December 11, 1954, when, with credit for good time, he had completed service of the minimum two years' sentence imposed; that, on March 20, 1956, Judge Pharr, Fulton Superior Court, revoked the probationary sentences, and Dixon began service as a probation violator on the same day; that, on April 4, 1956, the Georgia Pardon and Parole Board revoked the conditional release granted on December 11, 1954, and since March 20, 1956, Dixon has been confined in prison serving said sentences under the court order revoking the probation and under the order of the Pardon and Parole Board revoking its conditional release order.

Dixon avers that the Superior Court of Fulton County was without jurisdiction or authority to revoke the probationary sentences on March 20, 1956, because the probationary sentences did not start to run or become operative until the expiration date (March 27, 1957) of the maximum sentence of five years imposed on Count 5; and assuming (not admitting) that the court was legally correct in ordering the 3 twelve months' probated sentences to start running on December 11, 1954 (the expiration date of the two-year minimum sentence), and had authority to revoke probation (March 20, 1956), the court legally could only revoke the twelve months' probated sentence on Count 3, as petitioner had completed service of the twelve months' probated sentence on Count 1 and had not started serving the twelve months' probated sentence on Count 9.

The trial judge denied a motion to quash the writ and dismiss the petition, on the ground that habeas corpus is not an appropriate or available remedy to attack an order revoking probation, and, after a hearing, entered judgment sustaining the writ and ordering and directing the warden to release Dixon, and the exceptions here are to these judgments. *Held:*

1. "A defendant by habeas corpus cannot review a judgment revoking a probationary sentence imposed upon him, since 'habeas corpus cannot be used as a substitute for appeal, writ of error, or other remedial procedure for the correction of errors or irregularities alleged to have been committed by a trial court.'" *Balkcom* v. *Johnson*, 211 *Ga.* 314 (2) (85 S. E. 2d 762). See also *Hodges* v. *Balkcom*, 209 *Ga.* 856, 858 (3) (76 S. E. 2d 798).

2. Under the foregoing principles of law, it necessarily follows that the judgment releasing and discharging the applicant from the custody of the respondent is erroneous, and that the trial judge should have sustained the motion to quash the writ and dismissed the petition on the ground that habeas corpus is not an appropriate or available remedy to attack an order revoking probation.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 14, 1957—DECIDED NOVEMBER 8, 1957—
REHEARING DENIED NOVEMBER 26, 1957.

*Eugene Cook, Attorney-General, E. Freeman Leverett, Assistant Attorney-General,* for plaintiff in error.
*Edward B. Everett,* contra.