### 20494. THOMPSON *v.* LYNN.

MOBLEY, Justice. Article 6, section 4, paragraph 8 of the Constitution of 1945 (Ga. L. 1939, p. 78; Code, Ann., § 2-3908) provides as follows: "The superior courts shall sit in each county not less than twice in each year, at such times as have been, or may be appointed by law. The judges of said courts may, on reasonable notice to the parties, at any time, in vacation, at chambers, hear and determine, by interlocutory or final judgment, any matter or issue, where a jury verdict is not required, or may be waived." As stated in *Hall* v. *Matthews*, 210 *Ga.* 401 (80 S. E. 2d 167), "A judge of the superior court has jurisdiction under the constitutional amendment (Ga. L. 1939, p. 78) to receive a plea of guilty in a county of his circuit other than the county in which the crime is alleged to have been committed." Accordingly, the court below erred in granting habeas corpus on the ground that the sentence imposed upon the prisoner in Ware County for a crime committed in Charlton County was void.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 12, 1959—DECIDED JUNE 5, 1959.

*Eugene Cook, Attorney-General, E. Freeman Leverett, Assistant Attorney-General, B. D. Dubberly, John T. Ferguson, Deputy Assistant Attorneys-General, Earl L. Hickman,* for plaintiff in error.

Calvin C. Lynn was arrested in October, 1958, on a charge of burglary, and was confined in the county jail of Charlton County. Since the next grand jury would not convene in Charlton County until the March term, 1959, the prisoner requested that he be allowed to enter a plea of guilty. He was, therefore, taken before the Judge of the Waycross Judicial Circuit, which includes Charlton County, in chambers in Ware County. Counsel was appointed for the prisoner, a written waiver of indictment was executed, and a plea of guilty was entered. The prisoner was sentenced to prison for four to six years. Subsequently, he received a five-year sentence in Camden County. Service of the Camden County sentence was to follow the Charlton County sentence. The prisoner was confined to the Wayne County Prison Branch.

In February, 1959, a petition for a writ of habeas corpus was filed on behalf of the prisoner by his wife in the Superior Court of Wayne County, in which petition she contended that the prisoner's confinement was illegal since sentence was imposed in a county other than the county in which the alleged crime was committed.

The trial judge entered judgment declaring void the sentence of four to six years imposed in Ware County for the crime committed in Charlton County, and released the prisoner on the Charlton County sentence, but ordered that he be remanded to the plaintiff in error, Warden of the Wayne County Prison Branch, to begin service on the Camden County sentence. Exception is to that judgment.