### 21822. ADAMS v. BALKCOM, Warden.

HEAD, Presiding Justice. 1. "A defendant by habeas corpus cannot review a judgment revoking a probationary sentence imposed upon him, since 'habeas corpus cannot be used as a substitute for appeal, writ of error, or other remedial pro-

cedure for the correction of errors or irregularities alleged to have been committed by a trial court.' *Wallace v. Foster,* 206 Ga. 561 (57 SE2d 920), and citations." *Balkcom v. Johnson,* 211 Ga. 314 (2) (85 SE2d 762); *Baker v. Dixon,* 213 Ga. 709 (1) (100 SE2d 909).

2. Where a defendant pleads guilty, a judge of a superior court has authority to impose sentence in a county of his circuit other than the county in which the crime was committed. *Hall v. Matthews,* 210 Ga. 401 (80 SE2d 167); *Thompson v. Lynn,* 215 Ga. 165 (109 SE2d 522).

3. A defendant in a criminal case may not accept the benefits of a probated sentence and thereafter, upon revocation of his probation, obtain his release by habeas corpus upon the ground that his original sentence was based upon a plea of guilty improperly entered. "A writ of habeas corpus can not be properly employed as a substitute for a motion to withdraw a plea of guilty improperly entered; . . ." *Cummings v. Perry,* 194 Ga. 424 (21 SE2d 847); *Grammer v. Balkcom,* 214 Ga. 691 (107 SE2d 213).

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 8, 1962—DECIDED NOVEMBER 8, 1962.

*Sumner & Boatright,* for plaintiff in error.

*Eugene Cook, Attorney General, Earl L. Hickman, Assistant Attorney General, B. Daniel Dubberly, Jr., Deputy Assistant Attorney General, Walker P. Johnson, Jr.,* contra.

