25406. BUSH v. CHAPPELL, Sheriff, et al.

Submitted September 9, 1969—Decided September 29, 1969— Rehearing denied November 6, 1969.

Earl Bush, *pro se.*

MOBLEY, Presiding Justice. Earl Bush filed his post-conviction petition for writ of habeas corpus against the Sheriff of Sumter County, who was detaining him under a sentence of twelve months imposed on him in the Civil and Criminal Court of Sumter County after his conviction for child abandonment. He asserted that this sentence was illegal and void because venue was not proved and the court had no jurisdiction or venue of the case. He further asserted that the Honorable T. O. Marshall, Judge of the Superior Court of Sumter County may be prejudiced against him by reason of previous litigation, and should disqualify himself in the case. At the conclusion of the hearing the trial judge remanded the appellant to the custody of the sheriff, and the appeal is from this order.

█ The appellant enumerated as error the failure of the judge trying the habeas corpus case to disqualify himself. The appellant introduced no evidence to show the disqualification of the judge, and the judge stated that he was not disqualified, as far as he knew. There is no merit in this assignment of error.

█ The appellant represented himself at the hearing, refusing the court's offer to appoint him an attorney. He introduced evidence to show that his children were in Terrell County,

rather than in Sumter County, from November, 1966, through September 8, 1967, the latter date being the date the warrant charged that he abandoned his children.

The proof of venue is an essential element in proving guilt in a criminal case, and an assertion that venue was not proved is an assertion that the evidence was not sufficient to support the verdict. *Davis v. State,* 82 Ga. 205 (8 SE 184); *Futch v. State,* 90 Ga. 472 (2) (16 SE 102).

It is not the function of the writ of habeas corpus to determine the guilt or innocence of one accused of crime. See *Aldredge v. Williams,* 188 Ga. 607 (1) (4 SE2d 469); *Sanders v. Aldredge,* 189 Ga. 69 (1) (5 SE2d 371); *White v. George,* 195 Ga. 465 (1) (24 SE2d 787); *Paulk v. Sexton,* 203 Ga. 82 (2) (45 SE2d 768); *Buxton v. Brown,* 222 Ga. 564 (2) (150 SE2d 636). The Habeas Corpus Act of 1967 (Ga. L. 1967, pp. 835-839; *Code Ann. Ch.* 50-1) has enlarged the scope of matters that will be considered on habeas corpus, but it does not authorize another adjudication of the question of the guilt or innocence of the accused. *Code Ann.* § 50-127 (1). " 'The writ of habeas corpus is never a substitute for a review to correct mere errors of law. *McKay v. Balkcom,* 203 Ga. 790 (48 SE2d 453), and cases cited therein. It is an available remedy to attack a void judgment.' *Sims v. Balkcom,* 220 Ga. 7, 9 (1) (136 SE2d 766); *Moore v. Dutton,* 223 Ga. 585." *Jackson v. Dutton,* 223 Ga. 642 (1) (157 SE2d 286). The sufficiency of the evidence to support a conviction is not reviewable by habeas corpus in the federal courts. Fulford v. Dutton, 380 F2d 16.

The remedy of the appellant was by direct appeal, if the venue of the crime with which he was charged was not properly established on his trial. It appears from the record that he filed a motion for new trial in the trial court, and after refusal of the court's offer to appoint him an attorney to assist him in his motion, his motion for new trial was dismissed for failure to file a brief of the evidence. His appeal to the Court of Appeals was dismissed for lack of prosecution. Having failed to obtain a new trial in the trial court, or the Court of Appeals, on the ground of insufficiency of the evidence to prove venue, he can not relitigate this issue by habeas corpus.

If the evidence which the appellant presented at the habeas corpus hearing was newly discovered evidence, his remedy is by extraordinary motion for new trial, and not by habeas corpus. *Evans v. Perkins,* 225 Ga. 48 (4) (165 SE2d 652).

It was not error to remand the appellant to the custody of the sheriff.

*Judgment affirmed. All the Justices concur.*