26899. FRYER v. STYNCHCOMBE.

MOBLEY, Presiding Justice. The appellant was convicted of burglary and sentenced to 7½ years in the penitentiary. He brought petition for writ of habeas corpus against the Sheriff of Fulton County, in whose custody he is, alleging

that he is being illegally detained. The trial court denied relief and from that judgment he appealed to this court. *Held:*

1. The trial court did not err in combining the two petitions for writ of habeas corpus and trying them together. They raised substantially the same questions. Enumerated errors 1 and 2 are without merit.

2. Enumerated errors 3 and 4 allege that the evidence reveals that the appellant is innocent and free from guilt, and that there was no evidence to support the verdict. It is not the function of the writ of habeas corpus to determine the guilt or innocence of the petitioner. *Bush v. Chappell,* 225 Ga. 659 (171 SE2d 128), and cases cited.

3. Enumerated error 5 alleges that the illegal search and seizure by the arresting officer violated the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Federal Constitution and Art. I, Sec. I, Pars. III and XVI of the Georgia Constitution. This court does not have the trial transcript of this case, and we cannot take judicial notice of the record in the Court of Appeals. *Dollar v. Fred W. Amend Co.,* 184 Ga. 432 (191 SE 696). We are unable to determine whether there was an illegal search and seizure.

4. The 6th enumerated error alleges ineffectiveness of counsel. The best of lawyers can be ineffective in the trial of a case—in fact, the loser, and there is one in every case, is ineffective. There is no showing that the appellant was denied counsel.

5. The 7th enumerated error alleges that the court erred in the criminal trial in admitting previous indictments and convictions in evidence. This does not raise an issue for decision in the habeas corpus proceeding. See *Bush v. Chappell,* 225 Ga. 659, supra.

6. Enumerated error 8 alleges that: "The court erred by overacting the part where appellant was on the witness stand in his own defense, upon an unsworn statement supported by the U. S. 5th Amendment and the State of Georgia Const. (Art. I, Sec. I, Par. VI)." The appellant

did not argue this ground, and there is no evidence of "overacting" (whatever that is) on the part of the court. There is no merit in this enumerated error.

7. Enumerated error 9 is a general allegation that the court erred, and raises no question for decision.

*Judgment affirmed. All the Justices concur.*

ARGUED DECEMBER 14, 1971—DECIDED JANUARY 19, 1972.

Habeas corpus. Fulton Superior Court. Before Judge Alverson.

Moses Bruno Fryer, *pro se.*

*Lewis R. Slaton, District Attorney, Carter Goode, Creighton W. Sossomon, Joel M. Feldman, Arthur K. Bolton, Attorney General,* for appellee.