## 32875. DEYTON v. WANZER.

UNDERCOFLER, Presiding Justice.

Robert A. Deyton, Sheriff of Clayton County, appeals from the judgment of the habeas court granting petitioner Terry Lee Wanzer's application for habeas corpus relief. Wanzer was convicted in 1974 on two counts of rape and two counts of aggravated sodomy and received three life sentences and one twenty-year term.

On habeas, Wanzer urges lack of jurisdiction in the Clayton Superior Court to try his case because the crimes had been committed in Henry County. At the hearing, he

called the Clayton County officer who had originally investigated the case to point out on an aerial photograph where the crime had occurred; he then called the Clayton County surveyor, who testified that the site was in Henry rather than in Clayton County and that, although there was an ongoing battle between the two counties over the boundary, the dispute did not involve the area where the crime occurred which had consistently been a part of Henry County. The habeas court granted Wanzer's petition. The sheriff appeals. We reverse.

This issue has been decided previously in *Bush v. Chappell,* 225 Ga. 659, 660 (171 SE2d 128) (1969): "The proof of venue is an essential element in proving guilt in a criminal case, and an assertion that venue was not proved is an assertion that the evidence was not sufficient to support the verdict. *Davis v. State,* 82 Ga. 205 (8 SE 184) [1888]; *Futch v. State,* 90 Ga. 472 (16 SE 102) [1892].

"It is not the function of the writ of habeas corpus to determine the guilt or innocence of one accused of crime . . .

"The remedy of the appellant was by direct appeal, if the venue of the crime with which he was charged was not properly established on his trial."

Anything to the contrary in *Hall v. Matthews,* 210 Ga. 401 (80 SE2d 167) (1954) and in *Barrs v. State,* 22 Ga. App. 642 (97 SE 86) (1918) is disapproved and will not be followed.

Wanzer did not raise venue or the general grounds in his direct appeal, affd. at 232 Ga. 523 (207 SE2d 466) (1974), nor in his extraordinary motion for new trial, the denial of which was affirmed at 235 Ga. 226 (219 SE2d 96) (1975). We note, as did the habeas court, that there was slight evidence of venue presented at Wanzer's trial.

The judgment of the habeas court granting Wanzer's petition is reversed. Therefore, we need not reach the other contentions raised by the state. Wanzer's contention that the appeal should be dismissed because the state, rather than the sheriff, has appealed has no merit.

*Judgment reversed. All the Justices concur.*

SUBMITTED OCTOBER 14, 1977 — DECIDED JANUARY 4, 1978 — REHEARING DENIED JANUARY 18, 1978.

*Robert E. Keller, District Attorney, James W. Bradley, Assistant District Attorney,* for appellant.
*Daniel F. Byrne,* for appellee.