## 59710. FOWLER v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant was indicted, tried, and convicted in Whitfield County for the offenses of habitual traffic offender, driving under the influence, and having an improper tag upon the vehicle he was operating. He brings this appeal. *Held:*

1. The defendant contends that the State failed to prove venue was in Whitfield County — which was alleged as the situs of the offense by the indictment. The State "concedes that it has failed to prove venue in this one witness case." Reversal is required. *Deyton v. Wanzer,* 240 Ga. 509, 510 (241 SE2d 228).

2. Defendant enumerates as error the overruling of his motion for new trial "which alleged that the court erred in failing and refusing to sever for trial the various counts of the indictment." Counsel has directed our attention to an alleged "timely pretrial motion for severance of the various counts of the indictment for trial (R. 56-57) . . ." We have not been able to find a "motion for severance" of "the various counts of the indictment" for trial. We did find a motion "in limine" to require that "no reference be made to [defendant's] former conviction for burglary" or "details backing up his status as an habitual violator . . ." In this motion counsel "proposed" that "defendant Fowler be tried upon the DUI charge only . . ." However, we found no mention of separate trials for each offense.

When the "Motion in Limine" was ruled on, counsel for defendant merely objected to introduction of "the computer sheet from Atlanta showing the past violations . . . the prior convictions or some of these bond forfeitures . . . We have no objection to them being informed of the status of Mr. Fowler, but we object to the actual incidents . . ." Thus, the basis for the Motion in Limine which was argued at trial is not the same as that argued on appeal. Severance of all the counts in the indictment for trial was neither proposed nor ruled upon by the trial court. "Where appellant asserts error and no objection is made at the trial it cannot be made the basis of appellate review, either as a ground of a motion for new trial, or as a ground of enumerated error on direct appeal." *Pulliam v. State,* 236 Ga. 460, 465 (224 SE2d 8). Appellate courts review enumerations for correction of errors of law committed by the trial court — where motions or objections are properly presented for a ruling by the trial court. *Velkey v. Grimes,* 214 Ga. 420, 421 (105 SE2d 224). Enumerated errors which raise issues for the first time in a motion for new trial or on appeal present nothing for review. *Kingston v. State,* 127 Ga. App. 660, 661 (194 SE2d 675); *Pulliam v. State,* 236 Ga. 460,

465, supra.

Furthermore, where several offenses arise from the same conduct are known to the prosecuting officer, and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except where the court — in the interest of justice may order that one or more of the charges be tried separately. Code Ann. § 26-506 (CCG § 26-506, Ga. L. 1968, pp. 1249, 1267). Our Supreme Court has determined that the question of severance made "in the interest of justice" involves a balancing of "the interests of the accused . . . with the interests of the state." *Jarrell v State,* 234 Ga. 410, 413 (216 SE2d 258). After reviewing the evidence in the instant case we are convinced that if a motion had been presented the trial judge did not abuse his discretion in refusing severance for trial of the three counts of the indictment. *Waites v. State,* 238 Ga. 683, 685 (235 SE2d 4); *Frazier v. State,* 138 Ga. App. 640 (1) (227 SE2d 284). We will not substitute our discretion for that of the trial court. This enumeration is without merit.

*Judgment reversed. Shulman and Carley, JJ., concur.*

SUBMITTED APRIL 9, 1980 — DECIDED JUNE 26, 1980.

*M. Gene Gouge,* for appellant.
*Stephen A. Williams, District Attorney,* for appellee.