### S96A0016. HOLMES v. THE STATE.
(468 SE2d 357)

FLETCHER, Presiding Justice.
A jury convicted Billy Joe Holmes of felony murder and possession of a firearm by a convicted felon in the shooting death of Leverne Greene and of aggravated assault in the shooting of Alan Evans.[1] Holmes contends the trial court erred in admitting a hearsay

---

[11] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[12] "Follow" means "to go . . . or come after" or "to go after in pursuit." Webster's Third New International Dictionary, Unabridged (1961).
[13] "Contact" has been defined as "get[ting] in connection with." Webster's, supra.
[14] See *Stubbs v. State*, 193 Ga. App. 342, 343 (387 SE2d 619) (1989) (although criminal statutes should generally be strictly construed, they should not be construed so as to defeat the clear legislative intent).
[1] The crimes occurred on July 7, 1993. Holmes was indicted on October 28, 1993 and a jury found him guilty on August 29, 1994. On September 2, 1994, he was sentenced to life for felony murder, with possession of a firearm by a convicted felon as the underlying felony, and to a 12-year consecutive term for aggravated assault. He filed a motion for new trial on October 3, 1994, which he amended on June 30, 1995, and which was denied on July 14, 1995. He filed a notice of appeal on August 2, 1995 and the case was submitted on briefs on November

statement made to a detective at the scene. Because Holmes' cross-examination of the detective made the detective's conduct relevant and the statement at issue tended to explain the detective's conduct, the statement was admissible and we affirm.

1. At trial Evans testified for the state. According to Evans, on July 7, 1993 Evans was with Greene when the two went to Holmes' motel room so Greene could purchase crack cocaine from Holmes. Greene exchanged a gold chain for the crack and he and Evans went back to Evans' motel room. Later Greene tried to obtain more crack on the strength of the gold chain he had given Holmes earlier, but Holmes refused. Evans saw Holmes and Greene standing outside Holmes' room and heard them arguing about Greene wanting more crack. Holmes then shot Greene. Greene fell into Evans and Evans saw Holmes pointing the gun at them both. As Evans ran away, Holmes shot him in the shoulder. Holmes contended he was justified in shooting because Greene and Evans became violent and attacked Holmes' girl friend and her young son inside the motel room. Other witnesses testified that the argument occurred outside the room and Greene's body was found ten to twenty feet from Holmes' motel room. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Holmes guilty of the crimes charged.[2]

2. During redirect a detective testified that Holmes' girl friend told him at the scene that the fight between Holmes and the victims took place outside the motel room. Holmes contends that this was inadmissible hearsay. The evidence, however, was admissible under OCGA § 24-3-2 to explain why the detective did not take fingerprints or blood samples from inside the motel room. On cross-examination, Holmes had questioned the adequacy of the police investigation and specifically the detective's failure to take fingerprints or blood samples from inside the motel room. Because the statement from Holmes' girl friend tended to explain the officer's conduct, which Holmes had called into question, the trial court did not err in admitting the statement.[3]

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 8, 1996.

*Letitia B. Delan,* for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Robert E. Statham III, Assistant District Attorneys, Michael J. Bowers, Attor-*

---

20, 1995.
    [2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
    [3] *Cromer v. State,* 253 Ga. 352, 356 (320 SE2d 751) (1984).

ney General, Caroline W. Donaldson, Assistant Attorney General, for appellee.