A99A2168. GEORGE v. THE STATE.
(530 SE2d 479)

PHIPPS, Judge.

A jury found Gabriel George guilty of driving under the influence. George appeals, challenging evidentiary rulings and asserting that the trial court damaged his credibility with the jury. We have examined George's claims and determined that no reversible error occurred. Therefore, we affirm.

On July 11, 1998, at approximately 2:00 p.m., Officer Anthony

Dubois of the Forest Park Police Department went to George's residence in response to George's report that someone had stolen his van. Officer Dubois testified that George's clothes were disheveled, his eyes were glassy, he smelled of alcohol, his speech was slurred, and he was having difficulty maintaining his balance. He testified that George told him that he had been drinking alcoholic beverages earlier at a neighbor's apartment and that one of his neighbors had taken his van. Officer Dubois went to the neighbor's apartment, where the door was answered by a man who "could barely walk" and where he saw evidence of recent consumption of alcoholic beverages. Someone there told the officer that two men had taken George's van to visit a family member.

Moments later, two men drove up in George's van. Because the two men spoke limited English, Officer Dubois summoned a police officer who could translate. After talking with the two men, the translating officer reported to Officer Dubois that George had charged them $20 to use the van to take family members shopping. Officer Dubois testified that George then admitted that he had charged the two men for using his van and said that he no longer wanted to pursue the matter. As Officer Dubois completed his police report at approximately 3:00 p.m., he observed George drinking beer.

Two hours later, Officer Dubois saw George driving his van. After observing him cross the yellow centerline, Officer Dubois stopped George because he knew that he had been drinking earlier that day. Officer Dubois noticed George's red eyes, difficulty in maintaining balance, slurred speech, and strong odor of alcohol.

Officer Buchtenic, who was present at the arrest scene and who had special DUI training, including certification to use the Intoxilyzer 5000, testified that George had a strong odor of alcohol, that his eyes were bloodshot, that his speech was slurred, that his walk was unsteady, and that George's alco-sensor test results indicated the presence of alcohol. Officer Buchtenic determined that George was under the influence and a less safe driver, arrested him, and transported him to a police station where he conducted a breath test using the Intoxilyzer 5000.

At trial, both officers stated that George did not blow enough breath into the Intoxilyzer for them to obtain a valid sample. They testified that although George appeared to fill his lung cavity with air, he then sucked on the tester, exhaled to the side of the tester, or stopped exhaling before the required five to eight seconds. After two insufficient samples, George's results were considered to be a refusal, and he was charged with DUI to the extent that it was less safe for him to drive.

1. George asserts that the trial court erroneously overruled his objection to Officer Dubois's testimony that someone at a neighbor's

apartment told him that two men had taken the van to visit a family member.

(a) George argues that because the testimony was hearsay, it should not have been admitted. But George testified to the same fact, i.e., that Officer Dubois had been told that George's van had been taken. Therefore, even if the admission of the complained-of testimony was error, the error was harmless.[1]

(b) George also urges that the trial court damaged his credibility by overruling his objection. But George did not raise an objection on this ground at trial.

> Appellate courts review enumerations for correction of errors of law committed by the trial court — where motions or objections are properly presented for a ruling by the trial court. Enumerated errors which raise issues for the first time . . . on appeal present nothing for review.[2]

2. George contends that the court erroneously overruled his relevance objection to evidence that other individuals in a neighbor's apartment were drinking alcohol. The trial court has great discretion to determine relevancy and materiality of evidence, and admission is favored in doubtful cases.[3] The admission of evidence which is objected to on the ground of relevance lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent an abuse of discretion.[4] Here, there was evidence that George participated in drinking at the neighbor's apartment. The trial court did not abuse its discretion by admitting the complained-of evidence.

3. At trial, George denied granting anyone permission to use his van. He contends that the trial court erroneously overruled his double-hearsay objection to Officer Dubois's testimony of the translating police officer's statement that the two men gave George $20 to use his van. The court ruled that the testimony was part of the "res gestae of the investigation" and that it explained the officer's contact with George.

In his defense, George asserted that Officer Dubois pretextually stopped him and fabricated the DUI charge to retaliate against George for not pursuing automobile theft charges and thereby depriving the officer of a felony arrest. This assertion cast suspicion on the officer's conduct. Under these circumstances, the complained-

---

[1] *Cherry v. State*, 230 Ga. App. 443, 446 (4) (496 SE2d 764) (1998) (where the same fact has been admitted in evidence before the jury, without objection, such admitted evidence renders harmless the admission of the same evidence over objection).

[2] (Citations omitted.) *Fowler v. State*, 155 Ga. App. 76 (2) (270 SE2d 297) (1980).

[3] *Holman v. State*, 236 Ga. App. 111, 114 (3) (511 SE2d 240) (1999).

[4] *O'Neal v. State*, 254 Ga. 1, 3 (3) (325 SE2d 759) (1985).

of testimony was admissible under the "explanation of conduct" exception to the hearsay rule.[5]

Moreover, George concedes that the issue here is collateral. Given the totality of other incriminating evidence, we find it highly probable that admission of this evidence did not contribute to the verdict and therefore was harmless.

4. George contends that the court erroneously overruled his objection to the replay of a portion of his testimony taped at a *Jackson-Denno*[6] hearing. He concedes that the evidence was properly used for impeachment, but he complains that replaying the tape gave it undue emphasis.

After the first play of the tape, the prosecuting attorney requested that the tape be played again, stating that "[a]t the very beginning [her] question was kind of cut in half and it was kind of garbled." The court reporter played that portion of the tape again, then only afterward did George's attorney object. The objection was untimely, waiving this issue for appeal.

5. After the tape was replayed, the trial court gave a cautionary instruction to the jury. George's attorney "renew[ed] his objection to preserve it." The court overruled his objection, stating,

> I suppose under your theory that we're required to stand here in perpetuity with me overruling your objections and you renewing them, is that correct? . . . As I have previously indicated, your objections in this case are continuing. They need not be reasserted and will not be deemed to have been waived by the failure to assert them at any additional time.

George contends that the court erred by speaking sarcastically to his trial counsel in the jury's presence and by incorrectly stating that his objections were continuing. But the absence of a trial objection on this ground waived this issue for appeal.[7]

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 2, 2000.

*Lloyd J. Matthews*, for appellant.

---

[5] OCGA § 24-3-2; see *Holmes v. State*, 266 Ga. 530, 531 (2) (468 SE2d 357) (1996).
[6] 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).
[7] *Fowler*, supra, 155 Ga. App. at 76 (2).

*Keith C. Martin, Solicitor, Rebecca G. Simpson, Assistant Solicitor*, for appellee.